Nick ESTERS, Plaintiff-Appellant,

v.

Louis S. NELSON, Warden, et al.,
Defendants-Appellees.

No. 26010.

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1971.

Rehearing Denied Jan. 19, 1972.

Nick Esters, in pro. per.

Jack Morgan, San Francisco, Cal., for plaintiff-appellant.

Thomas C. Lynch, Atty. Gen. of California, Derald E. Granberg, Louise H. Renne, Deputy Attys. Gen., San Francisco, Cal., for defendants-appellees.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Esters, a state prisoner, appeals from an order denying his application for a writ of habeas corpus. He was found guilty in 1962 of receiving stolen property, a violation of the California Penal Code. He was sentenced to six months to ten years, to be served concurrently with a previous sentence for burglary.

On January 22, 1962, the California Adult Authority set a discharge date in March 1965 on the burglary charge and of July 1966 on the stolen property charge. After release on parole, petitioner committed a parole violation in May 1965 and was returned to prison to serve the remainder of his term on the stolen property charge. Having exhausted his state court remedies, he sought federal habeas corpus relief, which was denied by the district court.

He complains that the Adult Authority could not set different discharge dates on the two sentences, because they were to be served concurrently. He misconstrues the sentence fixed by the state court.

Under California's indeterminate sentence law, both of appellant's sentences were originally made indefinite by the courts and the times for their expiration were lawfully fixed by the Adult Authority. It fixed March 27, 1965, as the expiration date of the first sentence and a later date for the expiration of the second sentence. Thus, the sentences were never entirely "concurrent," except to the extent that appellant would be allowed credit on the second sentence for the time of his confinement under the first.

Affirmed.