Jerry Franklin BRINKLOW,
Petitioner–Appellant,

v.

Chase RIVELAND, or his successor, Executive Director, Colorado Department of Corrections; James Brittain, or his successor, Superintendent, Colorado Territorial Correction Facility, Respondents–Appellees.

No. 87SA245.

Supreme Court of Colorado,
En Banc.

Jan. 17, 1989.

Jerry Franklin Brinklow, Canon City, pro se.

Duane Woodard, Atty. Gen., Terrence A. Gillespie, Asst. Atty. Gen., Denver, for respondents-appellees.

ROVIRA, Justice.

■ Petitioner, Jerry Franklin Brinklow, appeals an order of the Teller County District Court dismissing his petition for writ of mandamus and prohibition.[1] The petitioner seeks an order discharging him from a sentence he received from that court and ordering his release from any further confinement on that sentence. The basis of his claim is that two orders of the Denver District Court applied to the Teller County sentence. The trial court dismissed the petition, holding that the Denver District Court orders had no application to the sentence from Teller County. We affirm.

## I.

The issues in this case can best be clarified by a brief statement of the undisputed facts. On August 23, 1976, the petitioner was sentenced to a term of not less than ten years or more than twelve years by the Denver District Court. The court ordered that "[t]ime spent incarcerated on a Federal sentence be credited to sentence imposed this day by this court." The federal sentence to which reference was made had been imposed on May 14, 1976, and consisted of two sentences, one for seven years and one for four years, to run consecutively.

On August 25, 1976, the petitioner received a sentence in the Teller County District Court of not less than one day or more than ten years, to run concurrently with the sentence imposed by the Denver District Court.

---

1. Although the petitioner, appearing *pro se*, labeled his petition as one seeking a writ of mandamus or prohibition, he also cited section 13–45–101, 6 C.R.S. (1973), as a jurisdictional basis for his petition. We have elected to treat the petition as one seeking a writ of habeas corpus. *See Riley v. City & County of Denver*, 137 Colo. 312, 324 P.2d 790 (1958). We therefore accepted jurisdiction of this appeal on the ground that it involved a writ of habeas corpus. § 13–4–102(1)(e), 6A C.R.S. (1987).

Even if the petitioner had sought relief by a Crim.P. 35(c) motion or if his petition were treated as a Crim.P. 35(c) motion, this court could still exercise jurisdiction on prudential grounds. *See White v. Denver District Court*, 766 P.2d 632, 634 n. 6 (Colo.1988) (treating improper habeas corpus petition as Crim.P. 35(c) motion and retaining jurisdiction to expedite proceedings).

On May 24, 1982, the Denver District Court found that petitioner's August 23, 1976 sentence had been fully served and ordered his discharge from custody of the Department of Corrections (Department) and his release from the penitentiary. On June 7, 1982, petitioner's Teller County sentence was changed to an indeterminate to ten-year sentence, and, on August 26, 1982, he was paroled on that sentence for a period not to extend beyond August 22, 1986.

On June 25, 1985, while still on parole, the petitioner was sentenced by the Adams County District Court for a term of two years and one day following his conviction on a class 5 felony. He was given credit for 68 days' presentence confinement and the sentence was ordered to be served consecutively to any sentence he was currently serving. Following his plea in the Adams County case, but before sentencing, the petitioner's parole was revoked and he was ordered returned to the Department.

In October 1985, the petitioner filed a petition for writ of mandamus and prohibition in the Teller County District Court. The thrust of his petition is that when the Denver District Court entered its May 1982 order decreeing that the Denver sentence was fully served, the Teller County sentence was also terminated because the sentences were to run concurrently. The petitioner contends that since the Teller County sentence was terminated in May 1982, he was illegally held on the Teller County sentence until his parole in August 1982. He also claims that he was illegally confined pursuant to the parole revocation from June to December 1985.[2] He further contends that subsequent to the latter date, the sentence from Adams County has been "clouded" because the Department refuses to acknowledge the discharge of the sentence from Teller County.

By way of relief, the petitioner requests that the Teller County sentence be discharged; the Department be prohibited from "clouding" issues of time computation for release; and the Department be ordered to pay him $250 for each day of illegal incarceration.

The respondents moved to dismiss on the grounds that the court lacked subject matter jurisdiction and that the petitioner failed to state a claim upon which relief can be granted. In granting the motion, the court stated:

The basic premise of Petitioner's argument is that the order entered by Judge Plank of Denver on May 24, 1982 applied to the sentence imposed in Teller County by Judge Rhodes. Petitioner also contends that because Judge MacNamara in Denver credited the Petitioner with all time served on the Federal sentence that he is entitled to that same credit as to his sentence in Teller County in Case 2741. Both of these positions are erroneous under the law. While it is true that the sentence from Teller County ran concurrently with the Denver sentence from the date the Teller County sentence was imposed, 8–25–76, to the date that the Denver sentence was ordered discharged, 5–24–82, the order of the Denver District Court that Mr. Brinklow had fully served his sentence and that he should be immediately discharged has no application to the sentence from Teller County which must be considered separately according to its own terms. The sentence from Teller County also does not include the language of the Denver sentence that, "Time spent incarcerated on a Federal sentence be credited to sentence imposed this day by this Court."

Again, the Motion to Dismiss must be granted for these reasons. Petitioner is simply mistaken as to his interpretation of the concurrent sentence imposed in Teller County and the effect upon it by the orders entered in Denver with which it was concurrent.

Shortly after filing a notice of appeal, the petitioner requested the court of appeals to appoint legal counsel to represent him on appeal. The court of appeals ordered the

---

**2.** In connection with this claim, petitioner has failed to consider the June 25, 1985 sentence of the Adams County District Court. Even if the Teller County sentence had been discharged as a result of the Denver District Court's order, petitioner would still have been lawfully confined from June to December 1985, pursuant to the Adams County sentence.

case remanded to the trial court for the limited purpose of considering petitioner's request. In denying the motion, the trial court stated that it did not believe *Denbow v. District Court,* 652 P.2d 1065 (Colo. 1982), "extends to a case such as this and knows of no authority or any funds available for counsel to be appointed in this situation."

### II.

■ Simply stated, the question which we must resolve is whether the Teller County sentence, which was ordered to run concurrently with the Denver sentence, terminated when the Denver County sentence was terminated.

■ A sentencing court has discretion to impose a sentence to be served concurrently with a sentence already imposed upon a defendant. *People v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979). A concurrent sentence is one which runs simultaneously, in whole or in part, with another sentence. It is distinct from a consecutive sentence which begins to run only after the completion of a prior sentence. The fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each sentence. However, if the sentences which are to run concurrently are of different lengths, the prisoner cannot be discharged until he has served the longest sentence. *Gerberding v. United States,* 484 F.2d 1353 (8th Cir.1973); *Hardy v. United States,* 292 F.2d 192 (8th Cir.1961); *Nishimoto v. Nagle,* 44 F.2d 304 (9th Cir.1930), *rev'd on other grounds, Haw Tan v. Phelan,* 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433 (1948); *State v. Tahash,* 159 N.W.2d 99, 159 N.W.2d 99 (Minn.1968). "Even if the sentences were all for an equal period, a pardon of the convict upon all but one of the counts would not relieve him from serving the full term imposed upon the count for which no pardon was granted." *Nishimoto,* 44 F.2d at 305.

Petitioner contends that the Denver sentence is the controlling sentence and since that sentence was terminated, there was no longer any term with which the Teller County sentence could run concurrently. However, concurrent sentences do not necessarily begin and end at the same time. "Where sentences imposed at different times or for different periods of time run concurrently, the sentences run together during the time that the periods overlap; and the new or longer term does not necessarily terminate at the same time as the prior or shorter term." 24B C.J.S. *Criminal Law* § 1996(1) (1962). *See Gerberding v. United States,* 484 F.2d 1353 (8th Cir. 1973); *Esters v. Nelson,* 452 F.2d 294 (9th Cir.1971); *Brown v. Taylor,* 283 F.2d 670 (10th Cir.1960); *Godwin v. Looney,* 250 F.2d 72 (10th Cir.1957); *Rodgers v. Wingo,* 467 S.W.2d 369 (Ky.1971); *People v. Hawley,* 77 N.E.2d 701 (Ill.1948); *Maxey v. Manning,* 224 S.C. 320, 78 S.E.2d 633 (1953); *Medlock v. Schmidt,* 29 Wis.2d 114, 138 N.W.2d 248 (1965).

Here, it was beyond the power of the Denver District Court to affect the Teller County sentence by terminating the Denver sentence. Petitioner was serving separate sentences which were not interdependent. Although he was allowed credit on the second sentence for the time he was confined under the first sentence, termination of his first sentence had no effect on the unserved portion of his second sentence. *See People v. Lewis,* 193 Colo. 203, 564 P.2d 111 (1977). We find no merit in petitioner's contention that he was confined illegally under the Teller County sentence.

■ Petitioner also asserts that the trial court erred in not granting credit against his Teller County sentence for the time that he spent in federal custody prior to the imposition of the Teller County sentence. He claims that because the Denver District Court credited him with the time he spent in federal custody, and the Teller County sentence was ordered to run concurrently with the Denver sentence, the time credited to one sentence should be credited to any other sentence which runs concurrently. We disagree.

■ We have held that when concurrent sentences are imposed, credit for presentence confinement should be granted

against each concurrent sentence in order to assure the defendant of receiving credit for the full period of presentence confinement against the total term of imprisonment. *Schubert v. People*, 698 P.2d 788 (Colo.1985). However, the presentence confinement must be actually caused by the charge or conduct for which the sentence is imposed in order to be credited against the sentence. There must be a "substantial nexus" between such charge or conduct and the period of confinement for which credit is sought. *Id.*

Here, the federal sentence was imposed three months before the Teller County sentence and there is no indication that the Teller County charge of second degree burglary contributed to or was related to his federal incarceration. Rather, the petitioner was in federal custody because he was convicted of federal crimes. Therefore, the petitioner is not entitled to have the time spent in federal custody credited to his Teller County sentence. *See People v. Freeman*, 735 P.2d 879 (Colo.1987).

### III.

■ Petitioner claims that the trial court erred in denying his motion for appointment of counsel. We disagree.

■ There is no constitutional right to appointment of counsel in a habeas corpus action. The sixth amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722 (9th Cir.1986); *Heath v. United States Parole Comm'n*, 788 F.2d 85 (2d Cir.1986). Moreover, due process does not demand that counsel be appointed, especially when an evidentiary hearing is not required. *See Terrovona v. Kincheloe*, 852 F.2d 424 (9th Cir.1988); *Carter v. Montgomery*, 769 F.2d 1537 (11th Cir.1985). As stated by the United States Supreme Court in *Pennsylvania v. Finley*, 481 U.S. 551, 556–58, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987), "[s]tates have no obligation to provide [post-conviction] relief, ... and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well."

■ Finally, the equal protection guarantee of "meaningful access" to the courts did not require the trial court to appoint counsel for petitioner. In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Court held that an inmate's fundamental right of access to the courts requires states to provide him with an adequate law library or adequate assistance from persons trained in law. The record reflects that the petitioner was provided access to an adequate law library, thus he was not entitled to the appointment of counsel under *Bounds*. *See Hooks v. Wainwright*, 775 F.2d 1433 (11th Cir.1985).

This court has held that a habeas corpus proceeding is civil in nature, and thus there is no right to appointed counsel. *McGrath v. Tinsley*, 138 Colo. 18, 328 P.2d 579 (1958). We have, however, made an exception where an indigent person is contesting extradition in a habeas corpus proceeding. *Denbow v. District Court*, 652 P.2d 1065 (Colo.1982). Here, no extradition is involved, thus we follow the general rule that petitioner had no right to appointed counsel in this habeas corpus proceeding.

■ Even if we were to treat the petition as a motion for post-conviction relief pursuant to Crim.P. 35(c)(2)(VII), as we did in *White v. Denver District Court*, 766 P.2d 632 (Colo.1988), we arrive at the same conclusion. A defendant has no right to appointed counsel when the asserted claim for relief is wholly unfounded. *See People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974); *Kostal v. People*, 167 Colo. 317, 447 P.2d 536 (1968). Because petitioner's allegation that termination of his Denver sentence effected a discharge of his Teller County sentence is wholly unfounded in law, he was not entitled to appointed counsel to present this claim.

Accordingly, the judgment is affirmed.