**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Michael Louis TAYLOR, Defendant– Appellant.**

**No. 98CA2426.**

Colorado Court of Appeals, Div. I.

March 16, 2000.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, William S. Schurman, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Michael Louis Taylor, appeals from the trial court's order denying his Crim. P. 35(a) motion. We affirm.

On September 17, 1990, defendant pled guilty to unlawful sale of a schedule II controlled substance in Routt County. In exchange for his plea, defendant received a deferred judgment and sentence.

Approximately one year later, defendant's deferred judgment and sentence were revoked. Defendant was then sentenced to four years in community corrections to run concurrent with a four-year sentence to community corrections in an unrelated El Paso County case.

On December 4, 1992, defendant left the community corrections facility without authorization. Warrants were issued for his arrest in both Routt and El Paso Counties for escape.

Shortly thereafter, defendant robbed a bank in California and was taken into federal custody. He was sentenced to 77 months in federal prison.

While serving his federal sentence, defendant was returned to El Paso County, at his request, in order to plead guilty to the escape charge. Defendant was sentenced to the Department of Corrections (DOC) for two years on the escape charge to run consecutively with the four-year sentence for the El Paso County conviction. Both sentences were ordered to be served concurrently with the federal sentence.

Routt County was not notified of defendant's appearance in this state, and the warrant from that county remained outstanding.

Upon completion of the federal sentence, defendant was transported to Routt County. He pled guilty to violating the terms of his assignment to community corrections. Following a hearing, defendant was sentenced to four years in DOC.

I.

Defendant contends that, because he now must serve four more years in DOC after serving that amount of time in connection with the El Paso County case, his new sentence has the effect of illegally changing his former concurrent sentences to consecutive sentences. We disagree.

■ Defendant was sentenced to community corrections in 1991 and was terminated from the program in 1992. However, between the time of his termination and resentencing in 1998, Article 27 of Title 17 was revised and reenacted. The statute in effect at the time of his resentencing, § 17–27–105(1)(e), C.R.S.1999, governs the analysis of the issues here. *See People v. McCreadie*, 938 P.2d 528 (Colo.1997)(statute in effect at time of resentencing to DOC after termination from community corrections is controlling).

Under § 17–27–105(1)(e):

If an offender is rejected after acceptance by a community corrections board or a community corrections program, the court may resentence the offender without any further hearing so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender.

■ As pertinent here, the "sentence" referred to in § 17–27–105(1)(e) is the term of imprisonment in DOC. *See Craig v. People*, 986 P.2d 951 (Colo.1999)(reasonable person's understanding of sentence to the DOC is that it encompasses only the imprisonment component); *People v. Snare*, 7 P.3d 1025 (Colo.App.1999)(sentence refers to term of imprisonment). Thus, on its face, defendant's sentence to four years in DOC was proper under § 17–27–105(1)(e).

Nevertheless, defendant argues that, because § 17–27–105(1)(e) prohibits a resentencing court from increasing the length of the original sentence, the new sentence here is illegal because it was to be served and discharged at the same time as the El Paso County sentence. Stated another way, he argues that because his El Paso County sentence has been discharged, his Routt County sentence should be deemed discharged. We are not persuaded.

■ When two sentences run concurrently, a prisoner receives credit toward each sentence for each day in custody. However, concurrent sentences do not necessarily begin and end at the same time. *Bullard v. Department of Corrections*, 949 P.2d 999 (Colo.1997). *See also Brinklow v. Riveland*, 773 P.2d 517 (Colo.1989)(even if concurrent sentences are all of the same length, a pardon on one conviction would not relieve the offender from serving the full term imposed on a conviction for which no pardon was granted).

■ As a result, sentences imposed at different times or for different periods of time to run concurrently run together only during the time that the sentences overlap. *Brinklow v. Riveland, supra.*

■ Here, defendant's confinement in the Routt County case was interrupted by his own act – his escape. Had he not escaped, the sentences in both cases would not have been interrupted. Further, although warrants in both counties were outstanding when defendant was sentenced to federal prison, his return to Colorado was based only on the El Paso County warrant.

Next, although he was aware that there might be an outstanding warrant in connection with the Routt County case, defendant took no action on that case. And, El Paso County had no jurisdiction to quash the Routt County warrant or sentence defendant in that case. *See Bullard v. Department of Corrections, supra* (one court has no authority to affect the sentence imposed by another court).

Accordingly, because the interruption in defendant's concurrent sentences was caused by defendant's conduct, the discharge of the El Paso County sentence had no effect on the unserved portion of the Routt County sentence. *Cf., People v. Lucero*, 654 P.2d 835 (Colo.1982)(defendant who escapes from custody is not entitled to credit for any time he or she was at large because of the escape).

## II.

We also disagree with defendant's contention that he should be given credit on the Routt County sentence for time served in the El Paso County case.

■ An offender is not entitled to presentence confinement credit if the time served prior to the imposition of a sentence was not attributable to the charge for which the sen-

tence was imposed. *People v. Fitzgerald,* 973 P.2d 708 (Colo.App.1998).

Here, although defendant was imprisoned, none of the time he was confined after his resentencing in the El Paso County case was attributable to the charges in Routt County. Indeed, during the whole period of his confinement after resentencing in the El Paso County case, the warrant from Routt County remained outstanding. Thus, defendant is not entitled to any credit on his Routt County sentence for his incarceration under the El Paso County sentence.

The order is affirmed.

Judge METZGER and Judge NIETO concur.