**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ROBERT STEVENS,

Petitioner-Appellant,

v.

SHERIFF OF EL PASO COUNTY,
COLORADO,

Respondent-Appellee.

No. 00-1451
(D.C. No. 00-Z-1685)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Michael Stevens, a pro se federal prisoner, appeals the district court's

dismissal of his action under 28 U.S.C. § 2241. Mr. Stevens alleged that he is

presently serving concurrent federal and state sentences and that respondent, the

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

sheriff of El Paso County, Colorado, has lodged a detainer against him regarding his state sentence. He further alleged that he will be entitled to mandatory release on his state sentence approximately four months before the expiration of his federal sentence. He claimed that respondent has refused to transmit the state court judgment to the Colorado Department of Corrections, and that correction officials are therefore unable to calculate his release date on the state sentence and refer him to the parole board at the appropriate time. He seeks the grant of a conditional writ of habeas corpus directing respondent to either transmit the state court judgment to the state department of corrections or remove the detainer lodged against him as a result of the state court conviction.

The district court stated its view that the relief sought by Mr. Stevens is more in the nature of a request for mandamus relief than a request for the habeas relief available under section 2241. The court concluded that its jurisdiction under the federal mandamus statute, 28 U.S.C. § 1361, did not extend to an order compelling action by a state official and that, assuming the action could be construed as seeking habeas relief, such relief was not available because Mr. Stevens had failed to show exhaustion of state remedies. Mr. Stevens appeals, and applies for a certificate of appealability and for leave to proceed in forma pauperis.

We agree with the district court that, properly construed, Mr. Stevens'

action must be read as a request for relief by way of mandamus rather than through a writ of habeas corpus.  We also agree that a federal district court is without jurisdiction under section 1361 to compel state officials to perform any duty owed to a plaintiff under state law.  Section 1361 by its terms is limited to actions "to compel an officer or employee of the United States or any agency thereof to perform a duty."

Even if we were to construe this proceeding as one properly brought pursuant to section 2241, Mr. Stevens has failed to make the requisite showing that he has exhausted his state remedies.  Although no statutory exhaustion requirement applies to section 2241, we have held that "'federal courts should abstain from the exercise of [section 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'"  *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)).  Mr. Stevens makes the bare assertion that no state remedies are available to him.[1]  We observe, however, that the Colorado state courts apparently entertain requests for mandamus relief from prisoners upon the proper showing.  *See, e.g.,*

_____

[1] On appeal, Mr. Stevens complains that because respondent was not ordered to reply by the district court, it was impossible for him to know what, if any, state remedy exists.  However, Mr. Stevens, as petitioner, is responsible for demonstrating that the district court could properly exercise jurisdiction under 28 U.S.C. § 2241.

*Meredith v. Zavaras*, 954 P.2d 597, 601 (Colo. 1998) (pro se prisoner may seek writ of mandamus ordering his discharge from incarceration); *Bullard v. Dep't of Corr.*, 949 P.2d 999, 1000-01 (Colo. 1997) (pro se prisoner action alleging entitlement to discharge from incarceration treated as seeking mandamus relief); *Fraser v. Colo. Bd. of Parole*, 931 P.2d 560, 562 (Colo. Ct. App. 1996) (pro se prisoner action alleging parole board failed to exercise statutory duties treated as action in nature of mandamus). Mr. Stevens had made no showing that he has pursued this or any other avenue of relief through the state courts. Accordingly, the district court properly refused to exercise jurisdiction under section 2241.

The district court denied Mr. Stevens' motions for a certificate of appealabiltiy and for leave to proceed in forma pauperis and he renews those motions in this court. We conclude that he has failed to make a substantial showing of the denial of a constitutional right as required for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). We also conclude that he has failed to show this appeal was taken in good faith because he has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See* 28 U.S.C. § 1915 and Fed. R. App. P. 24. Accordingly, we deny leave to proceed in forma pauperis. The appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-