# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. JEFFERY T. SILER

**Criminal Court for Knox County**
**No. 93968, 95116, 95117**

_____

**No. E2021-00395-CCA-R3-CD**

_____

The pro se Defendant, Jeffrey T. Siler, appeals the Knox County Criminal Court's order summarily dismissing his motion to correct a clerical error. *See* Tenn. R. Crim. P. 36. The State has filed a motion to affirm the trial court's order pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Jeffrey T. Siler, Pro Se, Wartburg, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General; and Charme Allen, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The procedural history related to the Defendant's cases is succinctly stated in this court's October 19, 2020 opinion affirming the denial of the Defendant's previous Tennessee Rule of Criminal Procedure 36 motion to correct a clerical error:

> On October 7, 2011, Defendant pled guilty in Case Nos. 93968, 95116, and 95117 (collectively "the state cases") to aggravated burglary and was sentenced as a persistent offender to ten years' probation in each case. The ten-year sentences in Case Nos. 95116 and 95117 were ordered to be served concurrently with each other but consecutively to the ten-year

sentence in Case No. 93968. The effective twenty-year sentence in the state cases was suspended, and Defendant was placed on unsupervised probation. The sentences in the state cases were ordered to run concurrently with a 192-month prison sentence that Defendant was serving in United States District Court Case No. 3:10-CR-00071-1 ("the federal case"). The "Special Conditions" box of the judgment document in Case No. 93968 states that the sentence was "[t]o expire 10/07/2021." The "Special Conditions" box of the judgment documents in Case Nos. 95116 and 95117 states that the sentence was "[t]o expire 10/07/2031."

On May 15, 2013, the United States Court of Appeals for the Sixth Circuit reversed Defendant's conviction in the federal case. *See United States v. Siler*, 526 F. App'x 573 (6th Cir. 2013). According to Defendant, the federal case was subsequently dismissed, and on June 21, 2013, he was "released from custody in order to serve [his] state probation sentences."

On March 3, 2014, Defendant was arrested on a probation violation warrant or warrants. On October 7, 2014, Defendant admitted that he violated the conditions of his probation. On November 14, 2014, the trial court revoked Defendant's probation in Case Nos. 95116 and 95117 and ordered his sentence to be served in the Tennessee Department of Correction (TDOC).

Defendant filed a "Motion [to] Correct or Amend the Order and Judgments Revoking Probation" in Case Nos. 95116 and 95117 ("the Motion to Correct"). On January 25, 2019, the trial court issued an order summarily denying the Motion to Correct. The order stated that "[d]uring the time [Defendant] was serving both the state and federal sentences he was receiving credit for both."

On June 12, 2019, Defendant filed a second "Motion [to] Correct or Amend the Order and Judgments Revoking Probation" in Case Nos. 95116 and 95117 ("the Rule 36 Motion"), claiming that the trial court failed to award "credits for the 622 days spent in federal custody on the concurrent federal sentence . . . after having received the concurrent state sentence." Defendant claimed that the January 25, 2019 order "made it clear that he [was] entitled to sentence credits on both sentences." In support of the Rule 36 Motion, Defendant attached as an exhibit a September 5, 2019 letter that he received from the U.S. Department of Justice, Federal Bureau of Prisons, which he claimed showed that he was entitled to 622 days credit for the time served on the federal case. Defendant also attached as an exhibit a Petition

for Declaratory Judgment ("the Petition") that he filed asking TDOC to apply the time he spent in federal custody to his state sentences.

In the Petition, Defendant erroneously claimed that he "accepted a plea agreement in case numbers 93968, 95116, and 95117" which "called for [him] to receive three concurrent ten[-]year sentences on unsupervised probation" and that his "probation would run concurrently with the federal sentence that [he] was serving." The Petition also stated that Defendant's Tennessee Offender Management Information System (TOMIS) time sheet showed that he has "964 days of street time," which included 622 days when he was in federal custody. The Petition was referred to the Office of General Counsel by the Commissioner of TDOC. By letter dated May 15, 2019, the Office of General Counsel advised Defendant that TDOC denied the Petition. The letter stated that "TOMIS shows that you did receive court awarded pretrial jail credit (PTJC) and jail credit (credit for time served) in accordance with the judgment orders and the probation revocation order, in [C]ase [No.] 93968."

The trial court summarily denied the Rule 36 Motion by order entered on June 28, 2019, stating:

> In Oct[ober] 2011, [Defendant] resolved three Tennessee cases and was placed on [twenty] years['] unsupervised probation. This sentence was to run concurrently with a Federal sentence he had received earlier. Subsequently his federal conviction was reversed and that case was dismissed. Also subsequently[,] his probation was revoked and he was ordered to serve his Tennessee sentence of [twenty] years in the penitentiary. He has now filed a Motion [to] Correct or Amend the Order and Judgments Revoking Probation. The plea agreement was simply that the state and federal sentences would run concurrently with each other. There was no agreement as to what would happen in the event the federal case was to be reversed and dismissed nor was there any agreement as to how pretrial credits were to be allocated. During the time he was serving both the state and federal sentences he was receiving credit for both. Accordingly[,] the motion is DENIED.

*State v. Jeffery Siler*, No. E2020-00468-CCA-R3-CD, 2020 WL 6130919, at \*1-2 (Tenn. Crim. App. Oct. 19, 2020), *perm. app. denied* (Tenn. Feb. 4, 2021).

3

On appeal to this court, the Defendant claimed that the trial court erred in denying his motion to correct a clerical error challenging the November 14, 2014 probation revocation orders in case numbers 95116 and 95117 because the trial court had failed to award jail credit in those cases for his time served in federal custody while concurrently serving the unsupervised probation terms in the state cases. *Id.* We affirmed the trial court's denial of Rule 36 relief, explaining:

> "When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence." *Brown v. Tennessee Dep't of Correction*, 11 S.W.3d 911, 913 (Tenn. Ct. App. 1999) (quoting *Bullard v. Dep't of Corrections*, 949 P.2d 999, 1002 (Colo. 1997)) (internal quotation marks omitted). There are, however, different types of sentences and different ways credits apply. Defendant received an incarcerative federal sentence and a suspended state sentence that he was serving on unsupervised probation. Even though the federal case was dismissed, he received credit on his suspended state sentence for the time he was incarcerated on the federal case. That credit, however, only reduced the period of his unsupervised probation, and as Defendant's TOMIS time sheet correctly showed, the 622 days he served in federal custody was encompassed by his street time.
>
> When Defendant was released from federal incarceration, he was returned to unsupervised probation on his suspended state sentence. He continued to serve his suspended sentence until a probation revocation warrant was issued. When Defendant's probation was revoked, before the probationary period ended, Defendant's street time in Case Nos. 95116 and 95117, including the 622 days of the federal case, was forfeited.

*Id*. at *3 (citing *Teaster v. Tennessee Dep't of Correction*, No. 01A01-9608-CH-00358, 1998 WL 195963, at *4 (Tenn. Ct. App. Apr. 24, 1998)).

Thereafter, on March 12, 2021, the Defendant filed a third Rule 36 motion to correct a clerical error, once again seeking jail credit in case numbers 95116 and 95117 and also – for the first time – in case number 93968 for the 622 days spent in federal custody. On April 8, 2021, the trial court denied the motion, ruling that this court's October 19, 2020 opinion affirming the trial court's denial of relief in the second Rule 36 motion was "[t]he law of the case" and that the Defendant was not entitled to jail credit for the 622 days spent in federal custody.

On appeal, the Appellant argues that the trial court erroneously denied his motion based upon the law of the case doctrine because his instant Rule 36 motion attacked the

original judgments in case number 93968, 95116, and 95117 for failing to credit the 622 days of federal custody, rather than the probation revocation orders in case numbers 95116 and 95117 as challenged in the previous motion. The State asserts that the trial court correctly denied relief based upon the law of the case.

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

*Joseph B. Thompson v. Tony Parker, Warden*, No. W2008-02399-CCA-R3-HC, 2009 WL 4723404, at *4 (Tenn. Crim. App. Dec. 9, 2009) (internal quotation marks omitted); *see Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn.1998); *see also Mack Transou v. Jerry Lester, Warden,* No. W2013-00293-CCA-R3-HC, 2013 WL 5745704, at *5 (Tenn. Crim. App. Oct. 21, 2013) (stating the law of the case doctrine "bars a petitioner from raising the issue anew in a denial of habeas corpus relief"), *perm. app. denied* (Tenn. Jan. 14, 2014); *Myers v. State,* 462 S.W.2d 265, 269 (Tenn.Crim.App.1970) (holding that a petitioner may not relitigate questions previously determined adversely to him in two separate habeas corpus cases by courts of competent jurisdiction).

Particular to case numbers 95116 and 95117, this court previously concluded that the Defendant was not entitled to jail credit for the 622 days he spent in federal custody concurrently with his state unsupervised probation when, subsequent to his release from federal custody, his unexpired probationary sentences were revoked. *Siler*, at *3. The application of jail credits to case number 93968 was not raised in the previous appeal. In the instant appeal, the Defendant contends once again that he is entitled to jail credits for the 622 days he spent in federal custody. His argument that his claim relates to the original judgments, rather than the probation revocation orders, does not negate that he is raising substantially the same claim as was previously determined adversely to him. The claim raised in the instant Rule 36 motion is "substantially the same" as the one raised in the previous appeal regarding case numbers 95116 and 95117. Therefore, we conclude that the law of the case doctrine precludes relitigating the claim as it relates to case numbers 95116 and 95117 and that the trial court correctly denied Rule 36 relief as to those cases.

For further explanation, while the Defendant was serving the federal prison sentence, he was also concurrently serving the aggregate 20-year unsupervised probation term in the state cases. His time spent in federal custody coincided with the service of the unsupervised probation term because the sentences were ordered to be served concurrently.

That said, when the Defendant's federal conviction was reversed and dismissed, the Defendant was returned to state custody to complete the 20-year term of unsupervised probation, of which – in June 2013 – he had served less than two years. At that time, prior to any revocation of the probationary sentences, the Defendant received credit from the TDOC for the time spent in federal custody to reduce the period of his unsupervised probation.[1] Upon revocation of his probation in case numbers 93968, 95116, and 95117, the 622-day incarcerative credit was applied to the first ten-year term in case number 93968 to reduce the aggregate incarcerative 20-year term imposed by the trial court at revocation.[2] *See* Tenn. Code Ann. § 40-35-310(a) (upon revoking a defendant's probation "the trial judge may order the original judgment so rendered to be in full force . . . and executed"). Based upon the record before us, the Defendant received incarcerative credit in case number 93968 on the revocation order in that case. He is not entitled to the same credit in case numbers 95116 and 95117 – the second ten-year term of the aggregate 20-year sentence. For these additional reasons, the trial court correctly denied Rule 36 relief in this case.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Upon consideration of the foregoing and the record as a whole, we conclude that the trial court did not err by denying the Defendant's Rule 36 motion and affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

---

[1] We note that the Defendant did not appeal from the TDOC's denial of declaratory relief. Furthermore, the revocation order in case number 93968 is not included in the record now before the court or in the appellate record of the previous appeal.

[2] We also note that the Defendant did not appeal the trial court's probation revocation orders and execution of the originally imposed incarcerative sentence.