The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gregory TYUS, Defendant–Appellant.

No. 88CA1197.

Colorado Court of Appeals,
Div. V.

May 4, 1989.

Rehearing Denied June 1, 1989.

Certiorari Denied July 24, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gregory Tyus, pro se.

METZGER, Judge.

Appearing pro se, defendant, Gregory Tyus, appeals from the trial court order denying his Crim.P. 35(c) motion to set aside his conviction because his guilty plea was not voluntarily and knowingly made. We affirm.

Defendant pled guilty to theft. The trial court advised defendant that the presumptive range for his sentence was two to four years, but that he could be sentenced to as little as one year or as much as eight years under extraordinary circumstances. However, defendant was not advised that, pursuant to § 17–22.5–303(1), C.R.S. (1986 Repl.Vol. 8A), he was also subject to a mandatory parole term of one year. Defendant received a sentence of four years, plus one year of parole.

Defendant claims that the trial court's failure to advise him of the mandatory parole term violated Crim.P. 11, rendering his guilty plea involuntary and unknowing and requiring vacation of his conviction. We disagree.

A trial court must inform a defendant of any consequences of his plea which have "'a definite, immediate and largely automatic effect on the range of [his] punishment.'" *People v. McKnight*, 200 Colo.

486, 617 P.2d 1178 (1980). A mandatory parole term is such a consequence because parole imposes a significant limitation on a defendant's freedom during the term of parole. *See Carter v. McCarthy*, 806 F.2d 1373 (9th Cir.1986), *cert. denied,* — U.S. ——, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

The trial court's failure to advise defendant of the mandatory parole term did not constitute reversible error under the circumstances of this case. Because the length of defendant's sentence was less than the maximum that he was advised he could receive, the trial court properly determined that defendant had entered a valid guilty plea. Consequently, it committed no error in denying defendant's Crim.P. 35(c) motion.

Order affirmed.

CRISWELL and HUME, JJ., concur.