The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard A. SANDOVAL, Defendant–Appellant.

Nos. 89CA0826, 89CA0893.

Colorado Court of Appeals, Div. II.

Oct. 25, 1990.

Rehearing Denied Nov. 23, 1990.

Certiorari Denied May 6, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jenine Jensen, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Richard A. Sandoval, appeals the order of the trial court denying his Crim.P. 35(c) motion to set aside his conviction because his guilty plea was not volun-

tarily and knowingly made. We affirm the order insofar as it denied the motion to set aside the conviction, but vacate the sentence and remand with instructions.

Defendant pleaded guilty to aggravated robbery with a stipulated sentence of 16 years, the maximum for that offense. The trial court advised defendant that he could be sentenced to as little as two years, but that the court could not sentence him to more than 16 years. However, defendant was not advised that, pursuant to § 17–22.5–303(1), C.R.S. (1986 Repl.Vol. 8A), he was also subject to a mandatory parole term of one year. In return for defendant's plea, the prosecution's motion to add two habitual criminal counts was withdrawn.

Defendant contends that the trial court's failure to advise him of the mandatory parole term violated Crim.P. 11, rendering his guilty plea involuntary and unknowing, and requiring vacation of his conviction. We disagree.

■ A trial court must inform a defendant of any consequences of his plea which have "a definite, immediate and largely automatic effect on the range of [his] punishment." *People v. McKnight,* 200 Colo. 486, 617 P.2d 1178 (1980). A mandatory parole term is such a consequence because of the significant curtailment of a defendant's freedom during the term of parole. *People v. Tyus,* 776 P.2d 1143 (Colo.App. 1989).

Although the trial court in *Tyus* failed to advise the defendant of the mandatory parole term when accepting his guilty plea, this court on review did not find reversible error because the sentence actually imposed was less than the maximum sentence the defendant was advised he could receive. *People v. Tyus, supra.*

■ Here, defendant did receive the maximum sentence of 16 years as stipulated in his plea agreement. Because the mandatory parole term of one year exceeds the maximum sentence for which the defendant had bargained, he was unfairly compelled to accept a longer sentence than bargained for in his plea agreement. *See Richardson v. U.S.,* 577 F.2d 447 (8th Cir.

1978), *cert. denied,* 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979). However, fundamental fairness can be achieved by limiting the sentence to that length of custody which comports with the plea bargain made. *U.S. ex rel. Ferris v. Finkbeiner,* 551 F.2d 185 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978).

Accordingly, because defendant has not demonstrated that his plea was unknowing or involuntary or that it would not have been offered had he been aware of the additional parole period, the appropriate remedy is not to allow withdrawal of the plea, but rather to reduce the sentence to the maximum that defendant was advised he could receive pursuant to his plea agreement. *See Richardson v. U.S., supra; see also White v. State,* 497 N.E.2d 893 (Ind. 1986).

The sentence as imposed is vacated, and the cause is remanded with instructions to enter no more than the maximum 16-year sentence contemplated by the plea agreement, which shall include the one-year mandatory parole term.

RULAND and ROTHENBERG, JJ., concur.