The **PEOPLE of the State of Colorado,**
Plaintiff–Appellee,

v.

**Scott K. JANKE, Defendant–Appellant.**

**No. 90CA0709.**

Colorado Court of Appeals,
Division IV.

June 4, 1992.

Rehearing Denied July 2, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Samuel Santistevan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Scott Kelly Janke, appeals from the order of the trial court granting the People's motion for reconsideration of its prior order granting defendant's Crim.P. 35(c) motion to set aside his judgment of conviction. We reverse and remand.

In 1983, pursuant to a plea bargain, defendant pled guilty to robbery and received a four-year stipulated sentence. However, he also was sentenced to a mandatory one-year parole term of which he was not advised prior to entry of his plea.

In January 1989, defendant filed a pro se Crim.P. 35(c) motion seeking to vacate the plea. At the hearing on the motion in April 1989, defendant testified that: he entered into the plea agreement because of the four-year stipulated sentence; he would not have pled guilty if he had been informed that he was subject to one year of mandatory parole; although he had completed the four-year sentence, he had not

been placed on parole; and the mandatory parole provision had affected his classification and his eligibility for programs and facilities within the Department of Corrections. The prosecution called no witnesses and presented no evidence to rebut his contentions.

The trial court found that the failure of the court at the providency hearing to advise defendant of the mandatory parole period rendered the plea invalid and that the defendant had suffered substantial prejudice as a result of the parole portion of his sentence. The court then vacated the guilty plea, set aside the judgment, accepted defendant's plea of not guilty, and set a new trial.

The People did not appeal from the trial court's order, but, in June 1989, beyond the period for timely appeal, they filed a motion to reconsider the court's order granting defendant's motion to vacate the plea. They argued, *inter alia,* that *People v. Tyus,* 776 P.2d 1143 (Colo.App.1989), which had been announced one week after the court's order vacating the guilty plea, clarified the law as to what providency hearing advisements are necessary concerning mandatory parole terms.

The trial court agreed to rehear the matter. At the hearing, the People presented evidence that defendant had not been prejudiced within the Department of Corrections as a result of the imposition of the mandatory parole.

Upon reconsideration, the trial court ruled that, even though defendant had not been properly advised, he had suffered no adverse consequences attendant to receiving mandatory parole and, thus, the guilty plea was valid. It then reinstated the 1983 judgment of conviction and vacated the trial date.

On appeal, defendant contends that the trial court erred in reconsidering the order to vacate the plea after the People did not timely appeal the ruling. Although we disagree with defendant's reasoning, we agree that the trial court was barred from reviewing its April 1989 order.

■ First, we do not agree with defendant's assertion that the doctrine of collateral estoppel is applicable. As pertinent here, collateral estoppel bars relitigation between the same parties of issues actually determined at a previous trial or hearing. *People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo.1983).

Here, because the issue of the invalidity of defendant's guilty plea had been determined by the same trial court earlier in the same case, rather than in a previous trial or hearing, collateral estoppel does not apply.

However, we do agree that because the People did not timely appeal the order, it was error for the trial court to reconsider it after the period in which to perfect an appeal expired.

■ An order of a trial court granting or denying a Crim.P. 35(c) motion is a final order, reviewable on appeal. *People v. Naranjo,* 821 P.2d 836 (Colo.App.1991). Such order becomes final after the period in which to perfect an appeal expires. *See In re Marriage of Turek,* 817 P.2d 615 (Colo.App.1991).

■ Here, it is uncontroverted that the People did not timely appeal the order granting defendant's Crim.P. 35(c) motion to vacate the guilty plea. Therefore, that order became final after the period in which to perfect an appeal expired. *See In re Marriage of Barber,* 811 P.2d 451 (Colo. App.1991).

■ Regardless of that determination, the People argue that the trial court's action was appropriate under the "general authority of a trial court to reconsider it own orders." Specifically, they argue that it was appropriate for the trial court to reconsider its ruling after the issuance of *Tyus* which, in their view, rendered the original ruling erroneous. We disagree.

The People's argument, as we understand it, is that, within a particular proceeding, a court is not required to let stand a ruling that it subsequently determines is erroneous. In support of this argument, the People cite *People ex rel. Gallagher v. District Court, supra,* for the proposition

that under the doctrine of the law of the case a trial court is not inexorably bound by its own precedents and may reconsider a prior ruling if it is no longer sound because of changed conditions.

The doctrine of the law of the case is a discretionary rule of practice directing that prior relevant rulings made in the same case generally are to be followed. *Governor's Ranch Professional Center, Ltd. v. Mercy, Inc.*, 793 P.2d 648 (Colo.App. 1990). Although we do not necessarily agree that the original order was in error, *see People v. Tyus, supra*, because we are concerned here with a *final* order, reconsideration of the original ruling under the law of the case doctrine is improper. Rather, once a final order is entered, the only means by which the trial court may thereafter alter, amend, or vacate the judgment is by appropriate motion under either C.R.C.P. 59 or 60. *See Cortvriendt v. Cortvriendt*, 146 Colo. 387, 361 P.2d 767 (1961).

Arguing that Crim.P. 57 provides that we "look to the Rules of Civil Procedure [if] no Rule of Criminal Procedure exists," the People contend that the trial court's reconsideration of its order is proper under C.R.C.P. 60(b)(5). Assuming that such relief may under some circumstances be appropriate, *see e.g., People v. Caro*, 753 P.2d 196 (Colo.1988), we do not agree that such relief is proper here.

C.R.C.P. 60(b) specifies a number of situations in which a court may relieve a party from a final judgment, order, or proceeding. *Canton Oil Corp. v. District Court*, 731 P.2d 687 (Colo.1987). As pertinent here, C.R.C.P. 60(b)(5) allows relief for "any other reason justifying relief from the operation of the judgment," in addition to those specifically enumerated in other subsections of the rule.

The "any other reason" language in this residuary clause, however, has been narrowly interpreted so as to avoid undercutting the preferred rule of finality of judgments. C.R.C.P. 60(b)(5) is meant to provide relief only in extraordinary circumstances, not as a substitute for appeal.

*Cavanaugh v. Department of Social Services*, 644 P.2d 1 (Colo.1982) (failure to file a timely appeal not sufficient to justify extraordinary relief from judgment); *see E.B. Jones Construction Co. v. City & County of Denver*, 717 P.2d 1009 (Colo. App.1986) (mere appearance of a new case on an issue litigated at trial not sufficient, without more, to constitute extraordinary circumstances).

Here, the trial court issued its order vacating defendant's guilty plea on April 27, 1989, and at that time urged the People to appeal the order. They did not appeal, but instead waited until June 22—49 days after *People v. Tyus* was announced and 56 days after the trial court entered its order vacating the guilty plea,—to move for reconsideration of the order because of the issuance of the *Tyus* decision. This does not constitute extraordinary circumstances justifying relief under C.R.C.P. 60(b)(5).

Thus, because the People have not alleged nor demonstrated extraordinary circumstances, but rather, have relied on C.R.C.P. 60(b)(5) as an alternate mechanism for review, we conclude that it is an improper basis for relief. *See Cavanaugh v. Department of Social Services, supra; E.B. Jones Construction Co. v. City & County of Denver, supra.*

Finally, we note that although relief under C.R.C.P. 60(b)(5) has been held appropriate on the grounds of newly discovered evidence, *Southeastern Colorado Water Conservancy District v. O'Neill*, 817 P.2d 500 (Colo.1991), the trial court here did not grant the rehearing on those grounds, nor was there any finding that any evidence was "newly discovered."

The trial court's order reinstating the guilty plea is reversed, and the cause is remanded with directions to the trial court to reinstate its April 1989 order and for further proceedings as necessary.

CRISWELL and JONES, JJ., concur.