The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Monte D. KELLER, Defendant–Appellee.

No. 97CA1999.

Colorado Court of Appeals, Div. I.

Feb. 18, 1999.

Certiorari Granted Sept. 13, 1999.

Jeannie M. Smith, District Attorney, Office of the District Attorney, Gordon R. Denison, Deputy District Attorney, David J. Young, Deputy District Attorney, Daniel S. Wilson, Deputy District Attorney, Elizabeth A. Kirkman, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

David F. Vela, Colorado State Public Defender, John T. Carlson, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

The People appeal the trial court's ruling reducing the sentence of defendant, Monte Keller. We remand for further proceedings consistent with this opinion.

Defendant entered a plea agreement with the district attorney under which he pled guilty in two separate cases. In one case, defendant pled guilty to theft and in the other he pled guilty to aggravated motor vehicle theft.

In exchange for his guilty pleas the prosecutor agreed to a stipulated sentence, and agreed to dismiss other charges pending against defendant. The stipulated sentence to which defendant agreed involved concurrent eleven-year and eight-year sentences to the Department of Corrections. The trial court accepted the plea agreement and sentenced defendant accordingly.

During his incarceration, defendant entered and successfully completed the Regimented Inmate Treatment Program (boot camp) that was established pursuant to § 17–27.7–101, et seq., C.R.S.1998. This program serves certain nonviolent offenders age 30 or younger with the intention of reducing prison overcrowding and promoting participants' personal development and self-discipline. *See* §§ 17–27.7–101 and 17–27.7–103(1), C.R.S.1998.

Subsequently, defendant requested a sentence reduction as provided for in § 17–27.7–104, C.R.S.1998. After a hearing, the trial court granted his request over the prosecutor's objection and reduced defendant's sentence to a total of eight years.

The People assert the trial court erred in denying the prosecutor the opportunity to withdraw from the plea agreement after the trial court decided to reduce defendant's sentence. We agree.

The responsibility of trial courts with respect to plea agreements is governed by § 16–7–302, C.R.S.1998. Section 16–7–302(2), C.R.S.1998, states in pertinent part:

> If the trial judge concurs [with the plea agreement] but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere (no contest).

Section 16–7–302 explicitly states that if the trial court accepts a plea agreement, but later changes its mind, the court must inform the defendant and allow him or her to withdraw from the agreement.

The trial court is similarly obligated to allow the prosecution to withdraw from a plea agreement containing a stipulated sentence if the court initially concurs with a plea agreement, but then later changes its mind and intends to reduce the sentence. *People*

*ex rel. VanMeveren v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978).

In *VanMeveren,* the court held that where, as here, a trial court reduces a previously agreed upon sentence under the provisions of Crim. P. 35(b), the district attorney must be permitted, in his or her discretion, to withdraw from the plea agreement, reinstate the charges which were dismissed, and proceed to trial as though no agreement had been made.

Here, however, the trial court found there was a conflict between *VanMeveren* and provisions of the boot camp statute which allow a defendant successfully completing the boot camp program to file a Crim. P. 35(b) sentence reduction motion. We disagree with its analysis.

As pertinent here, § 17–27.7–104(2), C.R.S. 1998, of the boot camp statute provides:

(a) If an offender successfully completes a regimented inmate training program, such offender, within sixty days of termination or completion of the program, shall automatically be referred to the sentencing court so that the offender may make a motion for a reduction of sentence pursuant to rule 35b of the Colorado rules of criminal procedure.

(b) ... The court may issue an order modifying the offender's sentence and placing the offender on probation or in a community corrections program.

Further, the boot camp statute states: "The court may not summarily deny the offender's motion without a complete consideration of all pertinent information provided by the offender, the offender's attorney, and the district attorney." Section 17–27.7–104(2)(b), C.R.S.1998. Additionally, "[a]ny motion filed pursuant to paragraph (a) of this subsection (2) shall be given priority for consideration by the sentencing court." Section 17–27.7–104(2)(c)(I), C.R.S.1998.

■ When interpreting statutory provisions which appear to conflict, a reviewing court must seek to construe the provisions in a manner that will avoid the conflict. *Smith v. Zufelt,* 880 P.2d 1178 (Colo.1994).

While the boot camp statutes allow a trial court to reduce a previously imposed sentence, they are silent as to the trial court's discretion once the parties have entered into a plea agreement that contains a stipulated sentence. *See* §§ 17–27.7–101 to 17–27.7–104, C.R.S.1998.

However, in *People v. Smith,* 971 P.2d 1056 (Colo.1999), the supreme court recently addressed the issue of the boot camp statute as it applies in situations involving mandatory minimum sentences. There, the court held that a defendant who had successfully completed boot camp could not have her sentence reduced by the trial court because she had received the statutory minimum sentence for child abuse resulting in death. The supreme court concluded that it was beyond the trial court's discretion to reduce a defendant's sentence below the mandatory minimum.

While *VanMeveren* did not involve a sentence reduction pursuant to the boot camp statute, its rationale assists us in harmonizing the apparent conflict between the plea bargain and boot camp statutes.

■ Consistent with *People v. Smith, supra,* we hold that the trial court may reduce a defendant's sentence when he or she successfully completes boot camp. However, where the sentence has been previously stipulated to by the parties and a defendant upon successfully completing boot camp moves to reduce his or her sentence, then, in accordance with *VanMeveren,* the trial court must inform the prosecution of its intention to reduce the sentence and allow the prosecution an opportunity to withdraw from the plea agreement.

Once the prosecution is informed of the trial court's intention to reduce the sentence, it may withdraw from the plea agreement and proceed to trial as though no agreement had been made. If the prosecution expresses an intention to withdraw from the plea agreement, the defendant, in turn, may elect to withdraw his Crim. P. 35(b) motion, rather than incur the risk of retrial on the original charges against him. Alternatively, upon learning of a defendant's successful completion of boot camp, the prosecution might agree with the trial court's intention to reduce the sentence and elect not to withdraw from the original plea agreement. So harmonized, there is no conflict between the two statutes.

These possible outcomes effectuate the dual legislative purpose of the boot camp statute. If a defendant's sentence is not ultimately reduced after completing the program, participation in the program would still promote the statutory goal of enhancing the personal development and self-discipline of the participants. Moreover, if a defendant's sentence were reduced, the second purpose of the statute — to reduce prison overcrowding—would be fulfilled.

This harmonization of the statutes permits the prosecution to exercise its rights under *VanMeveren v. District Court, supra*, to withdraw from the plea agreement.

Finally, we reject defendant's contention that the prosecution, in effect, waived its right to object to defendant's sentence reduction. Defendant suggests the prosecution should have objected to his participation in the boot camp program as soon as it learned of such participation or, in the alternative, as soon as it learned of his request for a sentence reduction.

We think it sufficient that the prosecution objected to defendant's sentence reduction at the hearing on his Crim. P. 35(b) motion. Therefore, we perceive no waiver.

Applying the above principles, we conclude the trial court erred in not affording the prosecution an opportunity to withdraw from the plea agreement.

Therefore, the cause is remanded to the trial court for further proceedings consistent with this opinion. If the prosecution determines not to withdraw from the plea agreement and acquiesces in the trial court's order reducing defendant's sentence, defendant's sentence reduction is affirmed. However, if the prosecution chooses to withdraw from the plea agreement and reinstate the original charges against defendant, the case should proceed accordingly.

Judge METZGER and Judge CASEBOLT concur.