The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ivan D. JONES, Defendant–Appellant.

No. 97CA2040.

Colorado Court of Appeals, Div. II.

Feb. 4, 1999.

Rehearing Denied March 11, 1999.

Certiorari Granted and Judgment Vacated Oct. 4, 1999.*

---

* Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *Craig v. People,* No. 99SA159 (Colo. October 4, 1999) and *Benavidez v. People,* No. 99SA160 (Colo. October 4, 1999). EN BANC.

Gale A. Norton, Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Law Firm of Douglas S. Joffe, Douglas S. Joffe, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Ivan D. Jones, appeals the trial court's order denying, without a hearing, his post-conviction motion challenging the sentence imposed upon revocation of his deferred judgment and sentence. We reverse and remand for further proceedings.

Defendant was originally charged in 1993 with unlawful possession of a schedule II controlled substance. Pursuant to a plea agreement, he pled guilty in May 1994 to attempted unlawful possession of a schedule II controlled substance and to the petty offense of possession of marijuana. The guilty plea to the felony controlled substance charge was deferred under an 18–month deferred judgment and sentence agreement which, among other things, required defendant to perform a specified amount of public service and successfully complete a community corrections sentence in another county.

At the time defendant tendered his guilty plea, he was advised of the penalties, including a mandatory parole period, for the offenses to which he was pleading guilty. He was also advised that if he did not successfully complete the conditions of his sentence agreement, a complaint to revoke his deferred judgment and sentence could be filed and, if the allegations in the complaint were proven, he would stand convicted of the charge to which he had pled guilty.

In November 1995, a "Complaint for Revocation of Deferred Judgment and Sentence" was filed, alleging that defendant had violated the terms and conditions of the deferred judgment and sentence agreement. Pursuant to a second plea agreement in April 1996, defendant admitted the allegations of the complaint and the parties signed a written stipulation that defendant would be sentenced to "DOC: 2 years concurrent to [defendant's other case]."

Before accepting defendant's admission to the complaint, the trial court advised defendant that, pursuant to the parties' stipulation, if he pled guilty he would be sentenced to two years in the custody of the DOC. The court did not mention any mandatory period of parole. There was also no mention of parole in the "Request to Plead Guilty to the

Probation Complaint" initialed and signed by defendant in connection with the second plea agreement.

Thereafter, defendant filed a Crim. P. 35(c) motion seeking post-conviction relief. Defendant alleged that neither the trial court nor counsel had advised him that he would face a three-year period of parole after completion of his two-year period of incarceration, and that he did not learn of the mandatory parole until he arrived at the DOC. Defendant asked the court to reduce his sentence to the two-year period he had bargained for and served.

The trial court denied defendant's motion, finding that he had been fully informed concerning the mandatory period of parole in the written Crim. P. 11 advisement he signed when he originally pled guilty. This appeal followed.

I.

Defendant first contends that, regardless of what he was told in the original Crim. P. 11 advisement, a period of parole following incarceration was not part of the second plea agreement entered into when the complaint for revocation was filed. We agree.

■ As an initial matter, we disagree with the People's contention that this issue is not ripe for appellate review and that defendant is entitled, at most, to a remand for a hearing to determine the terms of the plea agreement and whether the plea agreement was breached.

■ The determination of the meaning of a plea agreement is a question of law. *St. James v. People*, 948 P.2d 1028 (Colo.1997).

■ Further, although it is generally for the trial court to determine whether a plea agreement has been breached, *see St. James v. People, supra*, there is no dispute that defendant is now on parole after having served a two-year term of incarceration. Therefore, if the parole term was not part of the plea agreement, imposition of parole was a breach of the agreement.

■ The record establishes that the sentencing stipulation in the second plea agreement did not include a term of parole following incarceration. As noted, there was no reference to parole in the documents signed by defendant when he agreed to plead guilty to the revocation complaint. Further, although a court must advise a ·defendant of a mandatory parole term when accepting his or her guilty plea, *see People v. Sandoval*, 809 P.2d 1058 (Colo.App.1990), no such advisement was given when the court accepted defendant's guilty plea to the revocation complaint.

The People contend that, notwithstanding the lack of reference to parole in defendant's second plea agreement, his sentence under that agreement may be deemed to include a period of parole because he was told about mandatory parole in the original May 1994 advisement. That initial advisement, according to the People, was sufficient to put defendant on notice that if his deferred judgment was revoked, he would be subject to a term of incarceration plus a mandatory period of parole. The People further contend that there is no requirement that a defendant facing revocation proceedings under § 16-7-403(2), C.R.S.1998, be readvised concerning the mandatory parole period at the time of the revocation proceedings.

However, even if we assume defendants generally do not have a right of readvisement concerning parole when they face a hearing on revocation of their deferred judgment, *see People v. Allen*, 973 P.2d 620 (Colo.1999), that does not resolve the issue presented here. In this case, no hearing was held. Rather, the parties entered into a new plea agreement whereby defendant gave up the right to have the prosecution prove its revocation complaint in exchange for an agreed-upon sentence. That agreed-upon sentence did not include a term of parole. We decline to read such a term into the plea agreement simply because the defendant had been told two years previously that he could receive a sentence including a mandatory period of parole if his deferred judgment were revoked and the allegations in the revocation complaint were proven.

II.

■ Defendant asserts that, under *People v. Sandoval, supra*, the remedy for breach of

a plea agreement is specific performance of the agreement. Thus, he contends, he is entitled to an order reducing his sentence to the two-year period bargained for and already served. The People argue that, if the plea agreement was for a two-year prison sentence with no mandatory parole, the agreement called for an illegal sentence; thus, specific performance is impossible and defendant's remedy is to be allowed to withdraw his guilty plea and plead anew to the revocation complaint. We agree with the People.

Section 18–1–105(1)(a)(V)(A), C.R.S.1998, provides for a mandatory three-year period of parole for the felony offense to which defendant pled guilty. Section 18–1–105(1)(a)(V)(B), C.R.S.1998, states that mandatory period of parole "may not be ... waived or suspended by the court."

■ Where a statute leaves a court with no discretion to omit the mandatory parole period, a sentence omitting the parole period is illegal. See Downing v. People, 895 P.2d 1046 (Colo.1995)(sentence that is not authorized by statute is illegal); see also People v. Smith, 971 P.2d 1056 (Colo.1999)(sentencing court did not have discretion to reduce sentence below the mandatory minimum set forth in the statute).

In Chae v. People, 780 P.2d 481 (Colo. 1989), the supreme court held that when a defendant enters into a plea agreement that includes a plea of guilty to an illegal sentence, the guilty plea is invalid and must be vacated. This is true even if the defendant could otherwise receive the sentence for which he bargained, since "no sound public policy supports allowing defendants a right to benefit from illegal sentences." Chae v. People, supra, 780 P.2d at 487. See also St. James v. People, supra (although a defendant is generally entitled to specific performance of a plea agreement, a court must allow the defendant to withdraw guilty plea where specific performance is not possible).

Defendant urges that, under Bullard v. Department of Corrections, 949 P.2d 999 (Colo.1997), the court can use its equitable powers to reform his sentence and give him the benefit of his bargain. In Bullard, the district court had given effect to a plea bargain for a two-year sentence by construing the agreed-upon sentence as imposing no incarceration and two years parole, the statutory parole term mandated for the offense in question. Although the supreme court stated that it would not address the propriety of the district court's order because the People had not appealed it, it directed the department of corrections to comply with the orders releasing the defendant.

We conclude that Bullard does not authorize the relief requested by defendant. In Bullard, as in People v. Sandoval, supra, the court could give the defendant the benefit of his bargain without illegally ignoring the mandatory parole period. Here, the mandatory parole term three years is greater than the two-year sentence cap in defendant's second plea agreement. The court thus cannot give effect to the plea bargain without waiving or suspending a portion of the parole term, which under § 18–1–105(1)(a)(V)(B) it may not do.

Accordingly, the trial court's order denying defendant's motion for post-conviction relief is reversed and the cause is remanded for further proceedings. On remand, defendant shall be permitted to withdraw his guilty plea to the revocation complaint, and the district attorney may reinstate the complaint. See Chae v. People, supra (because illegal sentence prevented defendant from being bound by original plea agreement, district attorney was not bound and, on remand, could reinstate the charges that were previously dismissed). Any new sentence imposed pursuant to a plea agreement or upon proof of the allegations of the complaint shall credit defendant for the time he has already served.

Judge CRISWELL and Judge CASEBOLT concur.