The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Danny M. ESPINOZA, Defendant–Appellant.

No. 98CA1155.

Colorado Court of Appeals, Div. V.

April 1, 1999.

Rehearing Denied May 6, 1999.*

Certiorari Granted and Judgment Vacated Oct. 4, 1999.**

* Davidson, J., would GRANT.
** Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *Craig v. People*, No. 99SA159 (Colo. October 4, 1999) and *Benavidez v. People*, No. 99SA160 (Colo. October 4, 1999). EN BANC.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Danny M. Espinoza, appeals from the trial court's denial of his motion for postconviction relief pursuant to Crim. P. 35(c). We reverse and remand for further proceedings.

In 1994, in accordance with a plea agreement, defendant pled guilty to menacing, a class five felony in violation of § 18–3–206, C.R.S.1998. The agreement provided that he would be sentenced to the Department of Corrections (DOC) for a term of four years.

In 1995, defendant filed a *pro se* Crim. P. 35(c) motion in which he alleged that, in the absence of any finding of aggravation, his agreed sentence impermissibly exceeded the maximum of three years imprisonment set forth in the presumptive range for class five felonies. The prosecutor confessed the motion, and the trial court reduced defendant's DOC sentence to three years.

In 1997, defendant filed a new Crim. P. 35(c) motion. He alleged he had not been advised that the agreed sentence would entail an additional two-year period of mandatory parole or that, if he violated the conditions of parole, he would be required to serve the remainder of the parole term in prison. Defendant argued that the addition of the term of parole resulted in a total sentence in excess of that for which he had bargained. He sought to have his sentence, including the mandatory period of parole, reduced to a total of three years. In the alternative, defendant requested that his conviction be vacated and that he be permitted to withdraw his plea.

Following a hearing, the court denied the motion. It reasoned that defendant had been advised in writing of the possible penalties provided by statute, which, in addition to any term of incarceration, would include a period of parole; that he had been represented by counsel; and that defendant had stated he understood the plea agreement and he was satisfied with his attorney's services. That ruling is the subject of this appeal.

## I.

▆ Defendant initially contends that the imposition of a period of mandatory parole, in addition to the agreed sentence to the custody of the DOC, violated his constitutional right to protection against double jeopardy. We disagree.

A two-year period of mandatory parole is a required part of defendant's original sentence. *See* § 18–1–105(1)(a)(V), C.R.S.1998; *People v. Barth,* 981 P.2d 1102 (Colo.App. 1999). Contrary to defendant's argument, merely correcting the mittimus to reflect the required period of parole does not subject a defendant to double jeopardy. *See People v. District Court,* 673 P.2d 991 (Colo.1983); *People v. Barth, supra.*

## II.

▆ Defendant separately asserts he was not advised that, in addition to the sentence to which he expressly agreed, he would be required to serve an additional term of mandatory parole. He argues that as a result, he has been compelled to serve a sentence longer than he understood the plea bargain required. In the circumstances presented here, we agree.

▆ To satisfy due process concerns that a plea be made knowingly, it must be made with a full understanding of its consequences. *People v. District Court,* 868 P.2d 400 (Colo.1994). Our supreme court has concluded that the *trial court* must therefore advise a defendant of the "direct consequences" of a conviction resulting from a plea. *See People v. Birdsong,* 958 P.2d 1124 (Colo.1998); *People v. Pozo,* 746 P.2d 523 (Colo.1987); *cf.* Crim. P. 11(b)(4)(before accepting a plea, the trial court must determine that the defendant "has been advised" of the "possible penalties"). A mandatory parole term is such a consequence because of the significant curtailment of a defendant's freedom during the term of parole. *See People v. Tyus,* 776 P.2d 1143 (Colo.App.1989).

In *People v. Sandoval,* 809 P.2d 1058 (Colo.App.1990), the sentencing court failed to advise the defendant that his stipulated sentence would include a period of mandatory parole. A division of this court concluded that, as a result, the defendant was being unfairly compelled to accept a sentence longer than he understood his plea agreement required.

Here, paragraph three of defendant's plea agreement states the agreed sentence. It provides that defendant will be "sentenced to the Department of Corrections for a term of four years." There is no mention of any additional period of parole.

As the court noted in denying defendant's Crim. P. 35(c) motion, paragraph four does state that defendant understands the possible penalties for the offense to which he is pleading guilty; that these could include commitment to the custody of the DOC for a definite term within the presumptive range of one to three years, or a fine, or both; that, if the court finds the presence of extraordinary aggravating circumstances, defendant could be subject to a maximum term of imprisonment of six years; and that, in addition to any term of incarceration, defendant would serve a period of parole.

However, the advisement in paragraph four describes the "possible" penalties that could be imposed. In contrast, paragraph three states the *actual* sentence to which the parties had agreed. As noted, that sentence includes neither a fine *nor* a term of parole.

At the providency hearing, the sentencing court informed defendant that "the key terms of the plea agreement are in paragraphs 1, 2, and 3." The court stated that, under the agreement, defendant would be sentenced to the DOC for a term of four years. At no time during the providency hearing did the court make any reference to paragraph four of the plea agreement; to any term of parole, mandatory or otherwise;

or even to the possibility of parole as an additional part of the agreed sentence.

The court proceeded immediately to sentencing. It sentenced defendant to the custody of the DOC for a term of four years, with credit for thirty-two days of presentence confinement. Once again, parole was not mentioned.

The court then entered a "Judgment of Conviction, Sentence And Order To Sheriff." The judgment reflects the sentence of four years to the DOC—without any reference to parole, mandatory or otherwise.

Upon defendant's first Crim. P. 35(c) motion and the prosecutor's confession of the motion, the sentencing court amended the judgment to reduce the agreed sentence to a term of three years. The court again noted that it had accepted the plea agreement. Its order again made no reference to parole.

■ A "sentence" consists of both the period of incarceration and any additional period of required parole. This is because the privilege of parole is merely a grant of permission to a defendant to serve the remainder of a sentence outside the prison walls, while remaining under the supervision of the DOC. *See People v. Barth, supra; People v. Leedom,* 781 P.2d 173 (Colo.App.1989); *see also People v. Hunter,* 738 P.2d 20 (Colo.App. 1986), *aff'd,* 757 P.2d 631 (Colo.1988).

When a plea agreement does not include a stipulated sentence, the advisement about "possible" penalties required by Crim. P. 11(b)(4) is important. It provides the defendant with a full understanding of the possible, but still unknown, consequences of pleading guilty.

When, instead, a plea agreement includes a stipulated and specified sentence, as in this case, the advisement required under Crim. P. 11(b)(4) remains important, but for another reason. It provides defendant a full understanding of the possible consequences of *not* pleading guilty. Indeed, one of the typical reasons for pleading guilty in exchange for a specific sentence is to *avoid* the other possible penalties. However, as we read *People v. Birdsong, supra,* and *People v. Pozo, supra,* the trial court still must advise the defendant

of the actual direct consequences of the conviction resulting from such a plea.

Here, as in *People v. Sandoval, supra,* a term of parole was not part of the sentence to which defendant expressly agreed. As in *Sandoval,* defendant was not advised that, in addition to any agreed term of incarceration, a separate and additional term of parole was a required consequence of his plea. Nor was mandatory parole imposed as part of the sentence at the time of sentencing or included in the judgment of conviction.

We note that defendant failed to testify at the Crim. P. 35(c) hearing or otherwise present evidence indicating that he in fact did not understand that his agreed sentence would include an additional term of mandatory parole. However, the People have not argued that such evidence is a prerequisite to a defendant's right to relief under Crim. P. 35(c), and thus we do not address the issue in this appeal.

We therefore conclude, based on the record before us, that the trial court erred in denying defendant's Crim. P. 35(c) motion.

### III.

■ Defendant's final contention is that the remedy to which he is entitled is a reduction in the term of incarceration so that the total sentence, including the term of mandatory parole, equals his three-year sentence. We are not persuaded.

Initially, we note that defendant's original plea agreement was for a term of four years in the custody of the DOC, not three. Thus, imposition of a sentence of two years of incarceration and two years of mandatory parole would have been consistent with his plea agreement and the requirements of §§ 18–1–105(V)(A) and 18–1–105(1)(a)(V), C.R.S.1998.

More importantly, defendant is not entitled to specific enforcement of an illegal sentence. The supreme court has determined that when a defendant enters into a plea agreement for a sentence that includes an illegal term, and that term is an integral part of the agreement, the guilty plea is invalid and must be vacated. It does not matter whether the circumstances presented would permit

the plea agreement to be reformed to a legal sentence and defendant still to receive the benefit of the original plea agreement. *Chae v. People,* 780 P.2d 481 (Colo.1989); *see People v. Jones,* 985 P.2d 75 (Colo.App.1999).

Here, defendant asserts that he reasonably understood that the only sentencing consequence of his plea agreement was a specified term of incarceration, without any additional term of mandatory parole. Although, in contrast to *Chae,* it would result from the *omission* of a required term, such a sentence would be illegal. *See People v. Barth, supra.* Furthermore, neither party has argued, and we find no reason to conclude, that a two-year term of mandatory parole, in addition to a three-year term of incarceration, is anything other than an integral term of defendant's sentence.

Relying on *People v. Sandoval, supra,* defendant argues that it is unnecessary to vacate the judgment and plea if the sentence can instead be reduced to conform to the plea agreement and still be within the presumptive sentencing range. However, the division in *Sandoval* did not refer to the *Chae* holding, the supreme court in *Chae* made no such distinction, and we view *Chae* as controlling. *See also People ex rel. VanMeveren v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978)(if sentencing court reduces a sentence imposed pursuant to a plea agreement, the prosecutor may withdraw from the plea agreement, reinstate the charges that were dismissed, and proceed to trial); *People v. Keller,* 985 P.2d 65 (Colo.App.1999); *but cf. Bullard v. Department of Corrections,* 949 P.2d 999 (Colo. 1997). Thus, any remedy other than vacating the judgment and permitting defendant to withdraw his plea must come from the supreme court.

If defendant determines not to request the remedy available, the judgment of conviction, as previously amended, will stand affirmed. However, it will be necessary for the court to correct the mittimus to reflect the required term of mandatory parole. *See People v. Barth, supra.*

The court's order denying defendant's Crim. P. 35(c) motion is reversed, and the cause is remanded for further proceedings. On remand, if defendant requests, the court must vacate the judgment of conviction and permit defendant to withdraw his guilty plea. The district attorney may then reinstate the counts charged. Any new sentence imposed pursuant to a conviction or plea agreement must credit defendant for the time he has already served. If defendant does not request that his conviction be vacated, the amended judgment of conviction shall stand affirmed, but the sentencing court must correct the mittimus to reflect the required term of mandatory parole.

Judge VOGT concurs.

Judge DAVIDSON dissents.

Judge DAVIDSON dissenting.

I respectfully dissent.

I agree with the majority that correcting an illegal sentence in order to reflect the required period of parole does not violate a defendant's right to protection against double jeopardy. However, I disagree with the majority's determination that defendant had not been informed by the trial court that he would be subject to a mandatory period of parole in addition to any sentence of incarceration, that he had been induced into accepting an illegal sentence, and that, therefore, the plea bargain must be vacated.

Under Crim. P. 11(b), a trial court is not to accept a guilty plea without first determining, *inter alia,* that a defendant understands the possible penalty or penalties, including any agreed upon or stipulated sentence. Although the trial court must inform a defendant of any applicable mandatory parole period, *People v. Sandoval,* 809 P.2d 1058 (Colo.App.1990), there is no requirement that the court specify the length of such parole or the fact that it is mandatory. *See* § 18–1–105(1)(a)(V)(A), C.R.S.1998; *People v. District Court,* 868 P.2d 400 (Colo.1994); *People v. Tyus,* 776 P.2d 1143 (Colo.App.1989) (mandatory parole term is a consequence of which the court must inform a defendant because of the significant impact on the defendant's freedom during such term).

No formal litany is required before a court may accept a plea of guilty. Rather, the record as a whole simply must demonstrate

that the defendant understood the consequences of entering a plea. *People v. Drake,* 785 P.2d 1257 (Colo.1990) (sufficiency of advisement depends on such factors as complexity of charges, personal characteristics of defendant, and whether defendant is represented by counsel); *People v. Orona,* 907 P.2d 659 (Colo.App.1995). *Cf. Wilson v. People,* 708 P.2d 792 (Colo.1985) (reading of charge without further explanation of the terms is sufficient to satisfy the requirement that defendant understand the nature of the charge).

A reviewing court looks at both the providency hearing and the written petition to plead guilty in determining whether a defendant was advised properly prior to the entry of the plea. *People v. Weed,* 830 P.2d 1095 (Colo.App.1991).

Because Crim. P. 11 requires only that a defendant be advised of possible penalties, including a mandatory period of parole, I would conclude that, once a defendant is informed in the written plea agreement of such consequences, the trial court's failure specifically to readvise the defendant of those consequences neither renders the Crim. P. 11 advisement insufficient, *ipso facto,* nor requires the conclusion that defendant did not understand such consequences. It is enough that the court is satisfied that a defendant has read and understood the written plea agreement, that the defendant's counsel has reviewed and explained the agreement with him, and that counsel acknowledges the defendant's understanding of the agreement. Such a determination does not relieve the court of its duty to ascertain that defendant understands the agreement nor does it absolve the court of the need to explain further those terms which are complex. *See People v. Wieghard,* 709 P.2d 81 (Colo.App.1985) (unless the language of the charge is easily understood, the critical elements of the charged offense must be explained in terms understandable to the defendant).

For the same reasons, I also believe the corollary to be true: that is, if the plea agreement does not mention a parole period, but the trial court at the providency hearing specifically advises the defendant, and the

defendant acknowledges, the fact of parole, the plea also is valid on that basis.

Here, regardless that the trial court did not specifically readvise defendant orally of the parole consequence of his plea, my reading of the record leads me to conclude that defendant was on notice that he would be required to serve a period of parole in addition to any time he was incarcerated.

Under the written plea agreement, defendant was informed that "*in addition* to said terms of incarceration, [he] *would* serve a period of parole." (emphasis added) Defendant affirmatively acknowledged to the trial court that he had reviewed the document with his counsel and that he understood the agreement. Further, defendant's counsel certified that he had reviewed the written agreement with defendant and that, in his professional opinion, defendant's plea was knowing and voluntary.

Thus, I cannot agree with the majority either that a term of parole was not a consequence of the sentence to which defendant agreed or that defendant was not properly advised of such consequences of his plea. *See People v. Jones,* 957 P.2d 1046 (Colo.App. 1997) (defendant informed in plea agreement that a period of parole is applicable to sentence is on notice that incarceration after parole violation is a possible consequence); *People v. Tyus, supra* (because four-year term of incarceration and one-year term of parole were less than the maximum defendant was advised he could receive, no reversible error occurred in the court's advisement and acceptance of plea bargain). *Cf. People v. Allen,* 973 P.2d 620 (Colo.1999) (affirmative advisement to defendant concerning the right to testify is not required in hearing to revoke deferred judgment; advisement of rights at first appearance is sufficient).

Furthermore, even if I were to assume that defendant was not advised adequately of the sentencing consequences of his plea, I disagree with the majority that his sentence would, therefore, be rendered illegal.

By statute, the fact of parole is automatic. Neither the fact of parole nor the length of parole can be bargained for or stipulated to by a defendant or the prosecution. Thus,

unlike the majority, I do not see the period of parole in any way a material part of defendant's plea agreement here, but instead, as simply a direct consequence of such agreement of which a defendant must be advised.

A court may not impose a sentence that is inconsistent with the terms specified by statute. *People v. District Court*, 673 P.2d 991 (Colo.1983) (once trial court rejects probation as a sentence, it cannot circumvent existing legislative mandates by imposing and then suspending a sentence to imprisonment subject to conditions authorized only under a sentence to probation).

I agree that, if a recommended sentence under a plea bargain is illegal, it cannot validly be imposed or agreed to because such sentence removes the basis upon which a defendant has entered a plea and draws into question the voluntariness of the plea. Therefore, if a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and such sentence is imposed, the guilty plea is invalid and must be vacated because the foundation upon which the plea agreement is based includes an impermissible inducement to an illegal sentence. *See Chae v. People*, 780 P.2d 481 (Colo.1989) (because court was without authority under statute then in effect to suspend the execution of a sentence to imprisonment, such sentence was illegal and plea bargain which provided for illegal sentence was void); *People v. Flenniken*, 749 P.2d 395 (Colo.1988) (because no statutory authority permitted court to suspend execution of sentence to imprisonment, such sentence was illegal).

I also do not disagree that there may be circumstances in which a sentence would be rendered illegal if conformed to meet the expectations of the plea agreement and that, under such circumstances, instead, the plea must be vacated.

For example, if a defendant is not advised that a mandatory period of parole is applicable to the sentence but the period of parole is greater than the sentence imposed, such sentence cannot be amended without waiving or suspending a portion of the parole period. Because a sentence that ignores any part of the parole period is illegal, the remedy under such circumstances must be to allow the defendant to withdraw the guilty plea. *See People v. Jones*, 985 P.2d 75 (Colo.App.1999).

Likewise, if a defendant is subject to both a mandatory minimum sentence and a mandatory period of parole, neither of which can be waived or suspended, then a sentence that does not encompass both required periods is illegal and a plea entered into under such circumstances would have to be vacated.

However, I do not agree with the majority's conclusion that, if he is not advised fully of the sentencing consequences of his plea, a defendant's sentence necessarily is illegal. Simply because a defendant receives a sentence to which he has not agreed, but which otherwise is in compliance with statutory requirements, does not render the sentence illegal. Rather, the imposition of such sentence is more properly viewed as a breach of the plea agreement for which certain remedies, other than vacating the plea agreement, exist. *See People v. Macrander*, 756 P.2d 356 (Colo.1988) (if defendant has reasonably and detrimentally relied on government's promise in plea agreement, defendant is entitled to performance of such promise); *People v. Jones, supra* (if parole term was not part of the plea agreement, then imposition of parole was breach of agreement); *People v. Sandoval, supra* (absent showing that defendant's plea was entered unknowingly and involuntarily, appropriate remedy for sentence imposed that was longer than the one bargained for is to amend sentence to conform to parties' expectations under plea agreement).

Here, as described, defendant's sentence of incarceration followed by a period of parole is not illegal. Indeed, such a sentence is required under the statutes for a defendant, as here, who is sentenced for a felony committed on or after July 1, 1993. *See* §§ 18–1–105(1)(a)(V)(A) & (B); *People v. Barth*, 981 P.2d 1102 (Colo.App.1999) (sentence consists of both periods of incarceration and parole). *See also Bullard v. Department of Corrections*, 949 P.2d 999 (Colo.1997) (sentence which ignores the statutory parole period is illegal); *People v. Jones, supra* (plea vacated

because sentence imposed was illegal where three-year term of mandatory parole was greater than the two-year term of incarceration and trial court could not amend mittimus without waiving or suspending portion of parole term which it may not do under the statute).

Also, defendant's sentence of 3 years imprisonment followed by a two-year period of mandatory parole is less than the maximum sentence he was advised he could receive under the statutes. Consequently, because it complies with statutory requirements, defendant's sentence, on its face, is legal and does not render his plea, otherwise knowingly and voluntarily entered, invalid.

Thus, contrary to the majority, I do not view *Chae v. People, supra,* as controlling. If defendant was not fully advised of the sentencing consequences of his plea, then the appropriate remedy would be to amend defendant's sentence to conform to his expectations under the plea agreement. *See People v. Sandoval, supra.* Specifically, here, the sentence would reflect a one-year term of incarceration and a two-year term of mandatory parole.

However, because the trial court failed to include the period of parole on the mittimus, it must be amended in order to reflect that defendant is subject to a mandatory two-year period of parole. *See People v. Reynolds,* 907 P.2d 670 (Colo.App.1995).

Thus, I would affirm the trial court's denial of defendant's Crim. P. 35(c) motion and would remand the case for the court simply to correct the mittimus to include the required period of parole.