**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Mark A. JOHNSON, Defendant–Appellant.**

No. 97CA2141.

Colorado Court of Appeals, Div. A.

June 24, 1999.

Rehearing Denied Sept. 9, 1999.

Certiorari Granted Nov. 8, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Krause, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Chief Judge HUME.

Defendant, Mark Johnson, appeals from the trial court order denying his motion for

post-conviction relief pursuant to Crim. P. 35(c) and from the trial court's addendum to that order. He also appeals the sentence imposed upon resentencing after his termination from community corrections. We do not address defendant's claims regarding the trial court's original order, but reverse the addendum order, vacate the sentence, and remand for resentencing.

Pursuant to a plea agreement, defendant pleaded guilty to one count of sale of marijuana, a class four felony. The offense was committed on June 23, 1994. In exchange for his guilty plea, the People dismissed the remaining charge against him and agreed that if he were sentenced to the Department of Corrections (DOC), his sentence would not exceed six years. Defendant was thereafter sentenced to six years in a community corrections facility.

However, defendant violated the conditions of his community corrections sentence and was terminated from the program. Accordingly, the trial court changed his placement and resentenced him to the DOC for a six-year prison term. The court did not mention a parole period when it resentenced defendant, and the mittimus does not indicate that his sentence included a mandatory period of parole. However, upon being imprisoned, defendant learned that he would also be required to serve a mandatory three-year period of parole.

Defendant thereafter filed a *pro se* Crim. P. 35(c) motion claiming that the providency court had failed to advise him that, if the trial court sentenced him to prison, he would be required to serve a mandatory period of parole after completing his prison sentence. He also claimed that his plea agreement provided that his sentence would not exceed six years and that, because the ultimate sentence imposed included a three-year parole period, it exceeded the six-year cap. Defendant thus maintained that his sentence should be reduced to comport with the terms of the plea agreement.

The trial court appointed counsel to represent defendant and, following an evidentiary hearing, denied the motion.

The trial court then issued an "addendum" to its order (addendum order). Although the parties had not raised the issue, the court concluded in the addendum order that defendant's sentence did not violate § 17–27–105(1)(e), C.R.S.1998.

Defendant contends that the sentence imposed by the trial court upon resentencing exceeded the length of his original community corrections sentence and that it thus violates § 17–27–105(1)(e). We agree and, therefore, reverse the trial court's addendum order.

In resentencing defendant following revocation of his community corrections sentence, the trial court's sentencing discretion was limited by § 17–27–105(1)(e), which provides:

> If an offender is rejected after acceptance by a community corrections board or a community corrections program, the court may resentence the offender without any further hearing *so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender.* (emphasis added)

The issue presented in this appeal involves the meaning of the emphasized portion of the statute.

Our goal in construing any statute is to ascertain and give effect to the intent of the General Assembly. To determine legislative intent, we look first to the language of the statute itself, giving the words and phrases used their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo. 1986). When the statutory language is clear and unambiguous, it must be interpreted as written, without resort to interpretive rules and statutory construction. *People v. Zapotocky,* 869 P.2d 1234 (Colo.1994).

Courts may not impute "their own meaning to otherwise clear statutory language." *J.D.C. v. District Court,* 910 P.2d 684, 686 (Colo.1996). Nor may we assume a legislative intent that would vary the words used by the General Assembly. *People v. Thomas,* 867 P.2d 880 (Colo.1994).

We reject the People's assertion that the term of incarceration imposed and the required period of parole are two separate sentences, and that the prohibition in § 17–

27–105(1)(e) against imposing a "sentence" that exceeds the sentence originally imposed applies only to the period of incarceration imposed, not to the required period of parole.

The privilege of parole is merely a grant of permission to serve the remainder of a sentence outside the prison walls, while remaining under the supervision of the DOC. *People v. Hunter*, 738 P.2d 20 (Colo.App. 1986), *aff'd*, 757 P.2d 631 (Colo.1988); *see also* § 17–2–207(3), C.R.S.1998 ("offenders on parole shall remain under legal. custody and shall be subject at any time to be returned to a correctional facility"). Thus, although an offender is not incarcerated during a period of parole, while it is in effect, parole imposes a significant limitation on the offender's freedom. *People v. Tyus*, 776 P.2d 1143 (Colo. App.1989). Accordingly, a "sentence" consists of. both the period of incarceration and the· period of required· parole. *People v. Leedom*, 781 P.2d 173 (Colo.App.1989).

According to the plain language of § 17–27–105(1)(e), a trial court may not, upon re-sentencing an offender sentenced directly to community corrections, impose a "sentence" that exceeds the length of the original sentence imposed. Nothing in the statutory language suggests that the General Assembly intended the word "sentence" to have a different meaning for purposes of the statute than it does in other contexts, and we decline to impute such· a meaning to "sentence" as used in this statute that ·differs from its customary meaning. *See J.D.C. v. District Court, supra; People v. Thomas, supra.*

We thus conclude that, under· § 17–27–105(1)(e), upon resentencing, the trial court may not impose an *aggregate* sentence, including the required parole period, that exceeds the length of the community corrections sentence originally imposed. *See Downing v. People*, 895 P.2d 1046 (Colo. 1995)(a sentence that is longer than a term of imprisonment previously imposed constitutes an increase. in the sentence regardless of where the sentence is to be served or what the conditions of the institution might · be).

Here, by sentencing defendant to a six-year prison term plus the required three-year parole period, the trial court imposed an aggregate sentence of nine years, which impermissibly exceeds defendant's original six-year community corrections sentence, thus violating § 17–27–105(1)(e). Indeed, if, after serving his entire six-year prison term and being released on parole, defendant were to violate a condition of his parole, his parole could be revoked and he could be returned to prison to serve the remainder of the parole term. *See* § 17–2–103(11), C.R.S.1998. Thus, defendant could be required to serve nine years in prison.

We note that, under § 17–27–105(1)(b), C.R.S.1998, a trial court may sentence an offender to a community corrections program in one of two ways: as a direct sentence or as a condition of probation. *See People v. Abdul*, 935 P.2d 4 (Colo.1997). If an offender sentenced to a community corrections program is terminated from the program, the trial court's resentencing alternatives upon revocation of the original sentence depend upon whether the community corrections sentence was a direct sentence or was imposed as a condition of probation.

Specifically, if an offender sentenced directly to community corrections is terminated from the program, upon revocation of his sentence, the trial court's sentencing discretion is limited by § 17–27–105(1)(e).

In contrast, if an offender sentenced to community corrections as a condition of probation is terminated from the program, upon revocation of the offender's probation, the trial court may impose any sentence that might originally have been imposed. Section 16–11–206(5), C.R.S.1998. Thus, upon revocation of such a probationary sentence, the trial court's sentencing discretion is not limited by the· length of the original community corrections sentence.

The General Assembly has thus provided for different resentencing options upon revocation of an offender's original sentence depending upon the type of sentence originally imposed. *See also* § 16–7–403(2), C.R.S.1998 (suggesting that, upon revocation of an order of deferred judgment, the trial court may impose any sentence· that could originally have been imposed); *Adair· v. People*, 651 P.2d 389 (Colo.1982)(type of sentence to be

imposed after revocation of order of deferred judgment is within trial court's discretion).

Hence, if the General Assembly had intended to give trial courts the discretion upon revocation of a direct sentence to community corrections to resentence the offender to any sentence that might originally have been imposed, it could have done so, but did not.

■ We also note that § 17–27–105(1)(b) provides that, in imposing a direct sentence to a community corrections program, the trial court "may impose a sentence to community corrections which includes terms, lengths, and conditions pursuant to section 18–1–105." Because § 18–1–105(1)(a)(V), C.R.S.1998, provides for mandatory parole periods for sentences imposed for felonies committed after July 1, 1993, it might be argued that, pursuant to § 17–27–105(1)(b), a defendant who receives a direct sentence to community corrections must serve a mandatory period of parole after completing his community corrections sentence and that, here, defendant's original sentence consisted of a six-year term in a community corrections facility plus a three-year period of parole, or an aggregate sentence of nine years.

However, this argument is flawed for several reasons. First, while § 17–27–105(1)(b) *permits* a sentencing court to adopt the "terms, lengths, and conditions" provided for in § 18–1–105, it does not *require* the court to do so. Thus, with respect to direct sentences to community corrections, the sentencing ranges set forth in § 18–1–105 are merely advisory.

Second, § 18–1–105(1)(a)(V) has been interpreted as requiring the imposition of mandatory parole periods only with respect to defendants who are sentenced to prison. *See People v. Martin,* 987 P.2d 919 (Colo.App. 1999); *see also* § 18–1–105(1)(a)(IV)(D), C.R.S.1998 (mandatory period of parole commences "immediately upon the discharge of an offender from imprisonment").

Finally, the legislative history of the community corrections statute indicates that, in an effort to allow for cost savings in appropriate cases, the General Assembly gave trial courts the authority to modify the sentence of an offender sentenced directly to a community corrections program so that an offender's sentence might be reduced and the offender discharged before having served the full term imposed. *See* § 17–27–105(1)(h), C.R.S.1998; Hearings on H.B. 1233 before the Subcommittee of the House Judiciary Committee, 59th General Assembly, 1st Session (February 16, 1993). The General Assembly's effort to incorporate cost savings measures into the community corrections statute would be thwarted if we were to construe § 17–27–105(1)(b) as requiring that offenders sentenced directly to community corrections serve a mandatory parole period after completing their community corrections sentences.

■ We reject the People's contention that § 17–27–105(1)(e) permits a trial court to impose a longer sentence than the original sentence if it holds a resentencing hearing and that, instead of remanding the cause to the trial court with directions to impose a total sentence of six years or less, we should remand for a resentencing hearing at which the trial court may impose any sentence it deems appropriate.

While the trial court has the discretion to grant a hearing before resentencing an offender terminated from a community corrections program, § 17–27–105(1)(e) provides that "the court may resentence the offender without any further hearing." *See also People v. Abdul, supra.*

Contrary to the People's assertion, however, this language does not suggest that the trial court may increase the length of the offender's original sentence if it holds a resentencing hearing. Rather, the language merely reflects the General Assembly's intent to overrule statutorily the supreme court's holding in *Wilson v. People,* 747 P.2d 638 (Colo.1987) that such a hearing is required. *See People v. Wilhite,* 817 P.2d 1017 (Colo.1991), *cert. denied,* 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992); *People v. James,* 940 P.2d 1092 (Colo.App.1996).

Under the circumstances presented here, we conclude that the appropriate remedy for the trial court's error is to vacate the sen-

tence and remand the cause with directions to reduce the term of incarceration imposed so that the aggregate sentence, including the term of mandatory parole, does not exceed six years (the length of the original community corrections sentence). *See People v. Sandoval,* 809 P.2d 1058 (Colo.App.1990); *cf. People v. Espinoza,* 985 P.2d 68, (Colo.App. 1999).

The presumptive range of sentences applicable to defendant's offense is two to six years imprisonment. Section 18–1–105(1)(a)(V)(A), C.R.S.1998. Thus, upon resentencing defendant, the trial court on remand can legally impose a total sentence of six years (a three-year prison term plus the mandatory three-year parole period).

We recognize that trial courts, mindful of the possibility that an offender's direct sentence to community corrections might later be revoked, may impose longer community corrections sentences in order to allow for the imposition upon resentencing of a substantial prison sentence plus the mandatory period of parole. Such sentences are permissible under § 17–27–105(1)(b), which, as previously discussed, does not limit the trial court's discretion in setting the length of a direct sentence to community corrections. And, as we have previously indicated, the trial court may modify the length of the original community corrections sentence pursuant to § 17–27–105(1)(h), if it determines that, because of the offender's success in the program, a sentence reduction would be appropriate.

In light of our conclusion that the sentence imposed upon resentencing violated § 17–27–105(1)(e) and that defendant must be resentenced to an aggregate sentence not exceeding six years, we need not address the parties' arguments regarding the propriety of the trial court's original order denying defendant's Crim. P. 35(c) motion.

The addendum order is reversed, the sentence is vacated, and the cause is remanded to the trial court with directions to impose a total sentence not exceeding six years.

MARQUEZ and ERICKSON *, JJ., concur.