The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Lionel JONES, Defendant–Appellant.**

No. 96CA1143.

Colorado Court of Appeals,
Div. II.

Sept. 18, 1997.

Rehearing Denied Oct. 23, 1997.

Certiorari Denied April 27, 1998.

---

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Lionel Jones, appeals the denial of his Crim. P. 35(c) motion for post-conviction relief. We affirm the trial court's order denying relief and remand the cause for correction of the mittimus.

Pursuant to a plea agreement encompassing two separate cases, defendant tendered guilty pleas to two counts of giving false information to a pawn broker. The parties stipulated that defendant would be sentenced to two concurrent two-year sentences in the custody of the Department of Corrections (the Department). The court advised defendant in accordance with Crim. P. 11 and specifically advised him that there would be a mandatory period of parole of two years. The court then accepted defendant's guilty pleas and imposed the stipulated concurrent sentences including the two-year parole period.

After defendant served his prison sentence he was released on parole. Defendant violated his parole within the first month, his parole was revoked, and he was returned to the custody of the Department to serve the balance of his parole period in prison.

Defendant then filed this Crim. P. 35(c) motion, arguing that his plea was not voluntarily entered because he had not been advised that if he violated parole he could be reincarcerated for the balance of his parole period. Defendant asserted that this omission rendered his plea involuntary because he would end up serving a longer period of incarceration than the stipulated two-year sentence contemplated by the plea agreement. Accordingly, he asked that the trial court either enter an order finding that he had fully served his sentence and discharging him from custody or that it allow him to withdraw his pleas.

In a written order, the trial court denied defendant's motion. The trial court reasoned that defendant was adequately advised because he was told of the mandatory two-year parole period and it was obvious that reincarceration was a possible consequence of a parole violation. Defendant appeals from that order.

I.

Defendant argues that the possibility of reincarceration for a parole violation is a direct consequence of a guilty plea for which an affirmative advisement is required. We disagree.

■ For a plea of guilty to be valid, it must be knowingly, intelligently, and voluntarily made. *People v. Pozo*, 746 P.2d 523 (Colo.1987).

■ A defendant tendering a guilty plea is afforded due process if the trial court advises him or her concerning the direct consequences of the conviction. Conversely, due process does not require the court to advise defendant regarding consequences which are collateral to the conviction.

Direct consequences, unlike collateral consequences, are "those which have a definite, immediate, and largely automatic effect on

the range of possible punishment." *People v. Moore*, 841 P.2d 320, 324 (Colo.App.1992) (possible effect of guilty plea upon future criminal liability is not a direct consequence of a guilty plea).

Thus, the determinative issues here are whether the possibility of reincarceration upon revocation of a mandatory parole is a direct or collateral consequence of a guilty plea and, if direct, whether the advisement here was sufficient.

■ Unlike a discretionary parole whereby the defendant is released from custody to serve the balance of his or her sentence on parole, a term of mandatory parole is imposed in addition to a term of incarceration. If parole is granted, it must be for the mandatory period established by statute. *See* § 17–22.5–403(7), C.R.S.1997. And, since a mandatory parole term imposes a significant limitation on a defendant's freedom during the term of parole, it is considered a direct consequence of a defendant's plea concerning which he or she must be advised. *People v. Sandoval*, 809 P.2d 1058 (Colo.App.1990).

■ Here, because defendant was advised that he would be obligated to serve a two-year period of parole, he was on notice that incarceration was one aspect of the entire sentence. In our view, no further advisement regarding the possibility of imprisonment as a result of revocation is required.

When a defendant is advised that he or she will be serving a mandatory period of parole, he or she is impliedly informed that a violation of parole may result in reincarceration. If this were not the case, then the court's advisement concerning mandatory parole would be meaningless. There is no logical understanding of the term "parole" which does not contemplate the possibility that a parole violator will be reincarcerated for the balance of the parole period.

We acknowledge that at least one federal court has decided otherwise. *See United States v. Cleary*, 46 F.3d 307 (3d Cir.) (a defendant facing a mandatory term of "special" parole must be advised that a violation can result in reincarceration to serve the remainder of the sentence and the full length

of the special parole term), *cert. denied*, 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995). However, we view *Cleary* as distinguishable because it was decided under Fed. R.Crim.P. 11(c)(1) which explicitly requires that a defendant be advised regarding the possible repercussions for a violation of special parole. No such corollary exists in Crim. P. 11. Furthermore, the court in *Cleary* held that the omission of such an advisement from an otherwise complete advisement was not the type of fundamental defect warranting collateral relief.

Accordingly, we conclude the advisement given in this case was sufficient to insure that, with respect to the possible consequences of a parole violation, defendant's plea was knowingly, voluntarily, and intelligently entered.

## II.

Defendant contends, and the People concede, that the mittimus erroneously includes a one-year period of post release supervision in addition to the two-year period of parole. We agree with the parties that there is no statutory authority for imposing such a period of post-release supervision in addition to a period of parole. Therefore, on remand the trial court should enter an amended mittimus deleting this provision. *See People v. Reynolds*, 907 P.2d 670 (Colo. App.1995).

The order is affirmed and the cause is remanded with directions to enter a corrected mittimus.

STERNBERG, C.J., and DAVIDSON, J., concur.