The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Wilfred D. MARQUEZ, Defendant– Appellant.

No. 98CA0022.

Colorado Court of Appeals, Div. III.

April 1, 1999.

Certiorari Denied Aug. 30, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Lisa Dixon, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge MARQUEZ

Defendant, Wilfred D. Marquez, appeals the trial court's order denying his latest Crim. P. 35(c) motion for post-conviction relief. We affirm and remand with directions.

In 1982, defendant was convicted of two counts of aggravated robbery and one count of second degree assault for acts committed in 1980. He was also adjudicated an habitual criminal and, according to the amended mittimus, was ultimately sentenced to 33 years in the Department of Corrections plus one year of parole to be consecutive to a federal sentence. Defendant thereafter filed numerous appeals and post-conviction motions not relevant to this appeal.

In 1997, defendant filed this Crim. P. 35(c) motion challenging the reclassification of his parole status and claiming that under § 18–1–105(1)(a)(I), C.R.S.1998, he was entitled to immediate release on mandatory parole.

Following a hearing, the trial court denied defendant's motion, finding that both §§ 17–2–201(5)(a) and 17–2–213, C.R.S.1998, excluded habitual offenders, such as defendant, from the mandatory parole provisions generally applicable to offenders whose crimes were committed between July 1, 1979, and July 1, 1985.

I.

On appeal, defendant contends that §§ 17–2–201(5)(a) and 17–2–213 are ambiguous and should, therefore, be construed in his favor. We disagree.

Our task in construing statutes is to ascertain and give effect to the intent of the General Assembly. To determine such intent, we look first to the plain and ordinary meaning of the statutory language. *People v. District Court,* 713 P.2d 918 (Colo.1986). When that language is clear and unambiguous, it must be construed as written, without resort to interpretive rules and statutory construction. *People v. Zapotocky,* 869 P.2d 1234 (Colo.1994).

If, however, the statutory language lends itself to alternative constructions, and its intended scope is unclear, a court may apply other rules of statutory construction to determine which alternative construction is in accordance with the objective sought to be achieved by the legislation. *People v. Terry,* 791 P.2d 374 (Colo.1990).

Furthermore, a statute must be read and considered as a whole, and it should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. Thus, if separate clauses within a statute may be reconciled by one construction, but would conflict under a different construction, the construction that results in harmony, rather than inconsistency, should be adopted. *People v. District Court, supra.* An interpretation that renders a particular clause meaningless, likewise, should be avoided. *People v. Terry, supra.*

A.

Section 17–2–213, C.R.S.1998, provides that:

Effective July 1, 1979, the provisions of this part 2 relating to the power of the state board of parole to grant parole and to establish the duration of the term of parole shall apply only to persons sentenced for conviction of a felony committed prior to July 1, 1979, persons sentenced for conviction of a misdemeanor, persons sen-

tenced for conviction of a sex offense, as defined in section 16–13–202(5), C.R.S., or a class 1 felony, *and persons sentenced as habitual criminals pursuant to section 16–13–101, C.R.S.* Parole for persons sentenced for conviction of a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1979, shall be as .provided in section 18–1–105, C.R.S., and article 22.5 of this title. (emphasis added)

■ Defendant maintains that the first portion of this statute is in .conflict with the second portion. More specifically, he maintains that the first portion exempts all habitual criminals from the mandatory parole provisions, while the second portion does not. Indeed, he argues, the second portion specifically subjects all persons, including habitual criminals such as himself, who are convicted of a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1979, to mandatory parole. Defendant, therefore, claims he is entitled, under the rule of lenity and the second portion of § 17–2–213, to mandatory parole. We are not persuaded.

In our view, the plain language of § 17–2–213 provides that all persons sentenced as habitual criminals under § 16–13–101, C.R.S. 1998, will be subject to discretionary parole, regardless of when their current offenses were committed or how those offenses are classified.

Even if we agreed with defendant that the statute contains conflicting provisions and is, therefore, ambiguous, our interpretation would not change. It has the advantage of harmonizing the alleged conflicting provisions. *See People v. District Court, supra.* Moreover, defendant's interpretation would effectively render the clause, "and persons sentenced as habitual criminals pursuant to section 16–13–101, C.R.S.," meaningless. *See People v. Terry, supra.*

■ Our interpretation is supported by the fact that sentences imposed under the habitual criminal statute supersede sentences statutorily mandated for specific crimes. *See People v. Anderson,* 43 Colo.App. 178, 605 P.2d 60 (1979).

**B.**

Section 17–2–201(5)(a), C.R.S.1998, provides:

As to any person sentenced for conviction of a felony committed prior to July 1, 1979, or of a misdemeanor and as to any person sentenced for conviction of an offense involving unlawful sexual behavior or for which the factual basis involved an offense involving unlawful sexual behavior, ·as defined in section 18–3–412.5(1), C.R.S., committed prior to July 1, 1996, or a class 1 felony *and as to any person sentenced as a habitual criminal pursuant to section 16–13–101, C.R.S.,* the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court or five years, whichever is less. (emphasis added)

Defendant maintains that this statute is ambiguous because the emphasized clause, unlike the first and third clauses, does not specify a time frame for the commission of the offender's current offenses. He, therefore, urges this court to interpret that clause as "relating back to" the time frame specified in the first clause, *i.e.,* "prior to July 1, 1979". Under that interpretation, he then argues, because his current offenses were committed in 1980, § 17–2–201(5)(a) does not apply to him, and he is, therefore, entitled to mandatory parole. Again, we are not persuaded.

Consistent with our interpretation of § 17–2–213, we conclude that § 17–2–201(5)(a) plainly and unambiguously provides that all habitual criminals sentenced pursuant to § 16–13–101 are subject to discretionary parole, regardless of when their current offenses were committed.

Despite defendant's argument to the contrary, the fact that the General Assembly specifically imposed a time limitation on some types of offenders, but not on others, suggests that no such limitation was intended for those other offenders. *Cf. People v. Campbell,* 885 P.2d 327 (Colo.App.1994) (when a statute specifies particular situations in which it is to apply, it should generally be

construed as excluding from its operation all other situations not specified).

Our interpretation of § 17–2–201(5)(a) is supported by dictum in *Thiret v. Kautzky*, 792 P.2d 801 (Colo.1990)(noting that another category of persons excluded from the mandatory parole provisions in § 17–2–201(5)(a) are those sentenced as habitual criminals pursuant to § 16–13–101), and *People v. Alexander*, 797 P.2d 1250 (Colo.1990) (pointing out that, because the defendant had been sentenced pursuant to § 16–13–101, he was not entitled to parole). *See People v. Lamb*, 732 P.2d 1216 (Colo.1987).

In summary, we conclude that the trial court correctly applied §§ 17–2–213 and 17–2–201(5)(a) to determine that defendant is subject to discretionary, not mandatory, parole. However, the cause must be remanded to delete the one-year period of parole from the mittimus. *See People v. Reynolds*, 907 P.2d 670 (Colo.App.1995).

Accordingly, the order denying defendant's latest Crim. P. 35(c) motion is affirmed and the cause is remanded for further proceedings consistent with this opinion.

Judge JONES and Judge ROY concur.