The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David COOPER, Defendant–Appellant.

No. 98CA1614.

Colorado Court of Appeals,
Div. IV.

March 2, 2000.

As Modified on Denial of Rehearing
May 4, 2000.

Certiorari Granted Sept. 11, 2000.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, David Cooper, appeals from the trial court's order denying his Crim. P. 35(c) motion. We reverse and remand for further proceedings.

Defendant pled guilty to second degree sexual assault based on events that occurred on July 28, 1996. Subsequently, defendant moved for relief under Crim. P. 35(c), contending, as relevant here, that the Department of Corrections (DOC) had added a five-year period of mandatory parole in violation of Colorado law. With regard to this claim, the court summarily denied the motion and concluded that a period of mandatory parole was part of his plea agreement.

## I.

Defendant contends that the court erred in denying his claim that DOC's addition of a five-year period of mandatory parole to the end of his sentence violated Colorado law. We agree.

While the statutory provisions relating to parole have been amended a number of times, certain language has remained virtually unchanged.

In 1969, the relevant statute provided:

The board shall have the sole power to grant or refuse to grant parole, and to fix the conditions thereof; and shall have full discretion to set the duration of the term of parole granted, *but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court,* but in any case, parole shall be granted not less than ninety days prior to the expiration of the term for which a person has been sentenced to the state penitentiary.

Colo. Sess. Laws 1969, ch. 111, § 39–18–1(4) at 290 (emphasis added).

As pertinent here, in 1977, the General Assembly adopted Colo. Sess. Laws 1977, ch. 223, § 17–2–201(5)(a) at 913, which stated:

The board has the sole power to grant or refuse to grant parole and to fix the condi-

tion thereof and has full discretion to set the duration of the term of parole granted, *but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court.* (emphasis added)

In 1979, the General Assembly amended Colo. Sess. Laws 1979, ch. 157, § 17–2–201(5)(a) at 667, to provide:

> AS TO ANY PERSON SENTENCED FOR A CONVICTION OF A SEX OF-FENSE ... the board has the sole power to ... set the duration of the term of parole granted, *but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court* OR FIVE YEARS, WHICHEVER IS LESS. (emphasis added)

In *People v. Martin,* 987 P.2d 919 (Colo. App.1999)(*cert. granted* Nov. 1, 1999), a division of this court discussed the statutory provisions regarding parole for sex offenders. It noted that § 17–2–201(5)(a) was amended in 1996 to provide that:

> As to any person ... sentenced for conviction of ... an offense involving unlawful sexual behavior ... committed prior to July 1, 1996, the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, *but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court* or five years, whichever is less.

*See* Colo. Sess. Laws 1996, ch. 280, § 17–2–201(5) at 1584 (emphasis added).

The division further noted that the amendment to § 17–2–201(5)(a) was in Section 6 of H.B. 96–1181, which contained twenty-two sections. Section 21 provides that H.B. 96–1181 "shall take effect on July 1, 1996, and shall apply to offenses committed on or after said date...." *See* Colo. Sess. Laws 1996, ch. 280 at 1589.

■ After reviewing amendments to other statutory provisions, the division concluded that the amendment to § 17–2–201(5)(a) in 1996, to the extent it indicates that parole was discretionary for sex offenders who committed their offenses *before* July 1, 1996,

appears to have been an inadvertent error. We agree with that analysis.

Section 17–2–201(5)(a.5), C.R.S.1999, which was adopted in 1996, *see* Colo. Sess. Laws 1996, ch. 280, § 17–2–201(5)(a.5) at 1585, mirrors the language of § 17–2–201(5), except that it applies to crimes committed after July 1, 1996, and does not contain the "or five years, whichever is less" provision:

> As to any person sentenced for conviction of an offense involving unlawful sexual behavior ... committed on or after July 1, 1996, the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, *but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court.*

Section 17–2–201(5)(a.5)(emphasis added). Like § 17–2–201(5)(a), the plain language used in § 17–2–201(5)(a.5) creates a discretionary parole term that cannot exceed the maximum sentence imposed by the court.

Similarly, as relevant here, the General Assembly amended § 18–1–105(1)(a)(V)(C), C.R.S.1999, in 1998. The amended section states:

> Notwithstanding sub-subparagraph (A) of this subparagraph (V), the period of parole for a person convicted of [felonious unlawful sexual behavior] committed on or after July 1, 1996 ... shall be set by the state board of parole pursuant to section 17–2–201(5)(a.5), C.R.S., *but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court.*

*See* Colo. Sess. Laws 1998, ch. 139, § 18–1–105(1)(a)(V)(C) at 399 (emphasis added).

Section 18–1–105(1)(a)(V)(C.3), C.R.S.1999, which was added effective November 1, 1998, states:

> Notwithstanding the provisions of sub-subparagraph (A) of this subparagraph (V), the period of parole for a person convicted of [felonious unlawful sexual behavior] committed on or after July 1, 1996, but prior to November 1, 1998 ... shall be set by the state board of parole *pursuant to section 17–2–201(5)(a.5),* C.R.S.

Colo. Sess. Laws 1998, ch. 303, § 18–1–105(1)(a)(v)(C.3) at 1289 (emphasis added).

■ Together, these statutes create discretionary parole for defendants whose crimes were committed on or after July 1, 1996, but prior to November 1, 1998. *People v. Martin, supra.* Here, defendant's crime was committed during that period. Thus, addition of a period of mandatory parole to the end of defendant's sentence was contrary to the statutory requirements.

■ Although we conclude that defendant was subject to discretionary parole, we also note that, because discretionary parole is not a direct consequence of a plea, the court is not obliged to inform the defendant of it. Consequently, contrary to his contention, defendant here was not entitled to relief based on the trial court's failure to advise him regarding parole.

■ The courts have a duty to describe the direct consequences of a resulting conviction, and mandatory parole is a direct consequence of pleading guilty. Unlike traditional discretionary parole, which allows an offender to serve some portion of the prison sentence under parole supervision in lieu of imprisonment, mandatory parole is imposed in addition to the imprisonment component of a sentence. *Craig v. People,* 986 P.2d 951 (Colo.1999). *See People v. Jones,* 957 P.2d 1046 (Colo.App.1997)(distinguishing discretionary parole from mandatory parole, which is a direct consequence of a plea); *People v. Moore,* 844 P.2d 1261 (Colo.App.1992)(inadequate advisement regarding discretionary parole does not invalidate plea). *See also Carter v. McCarthy,* 806 F.2d 1373 (9th Cir.1986)(issue of when defendant will become eligible for release on parole under the sentence he received is a collateral consequence of the plea; issue of a separate parole term to be served following that sentence is a direct consequence of the plea).

### II.

■ We also agree with defendant's contention that pursuant to § 17–2–201(5)(a.5) and § 18–1–105(1)(a)(V)(C) the DOC cannot require him to serve any period of parole that exceeds the remainder of his sentence at the time he is paroled.

■ Our task in construing statutes is to ascertain and give effect to the intent of the General Assembly, and if the statutory language is clear, the statute must be construed as written. *People v. Marquez,* 983 P.2d 159 (Colo.App.1999).

The language at issue here is, "but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court." Sections 17–2–201(5)(a.5) and 18–1–105(1)(a)(V)(c.3). The People contend that this language could be understood to state that the period of parole is in addition to the sentence imposed, but not exceeding the length of that sentence. We reject this contention.

The disputed phrase has been part of the statutory scheme since at least 1969 and, despite other amendments, has remained unchanged. Our appellate courts have construed discretionary parole to allow an offender to serve some portion of the sentence under the parole board's supervision in lieu of imprisonment. *See Craig v. People, supra; People v. Martin, supra* (discretionary parole term is served in lieu of, or limited to, the period of incarceration); *People v. Jones, supra* (on discretionary parole the defendant is released from custody to serve the balance of the sentence on parole).

■ Because the most recent amendments to the statutory scheme for this period contain this identical language, we presume the General Assembly intended its meaning to remain the same. *See Cooper v. People,* 973 P.2d 1234 (Colo.1999)(court presumes that the General Assembly was familiar with its previous interpretations of statutes when it enacted the statute in question); *People v. Swain,* 959 P.2d 426 (Colo.1998)(the legislature is presumed, by virtue of its action in amending a previously construed statute without changing the portion that was construed, to have accepted and ratified the prior judicial construction).

While this result may be antithetical to the policy of providing more, rather than less, post-incarceration supervision to sex offenders, *see e.g.,* § 16–13–801, C.R.S.1999, be-

cause the relevant language has remained unchanged, we presume its meaning has also remained unchanged. *See Cooper v. People, supra.*

Accordingly, plaintiff's period of parole cannot exceed the remainder of his sentence at the time he is paroled.

In light of our conclusion on this issue, we need not reach the other contentions raised by defendant.

The order is reversed, and the cause is remanded for the trial court to vacate the order imposing a period of mandatory parole, and to allow the parole board to set the period of parole in accordance with the views set forth here.

Judge ROY and Judge VOGT concur.