**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jason C. FALLS, Defendant–Appellant.**

**No. 00CA2169.**

Colorado Court of Appeals, Div. A.

July 18, 2002.

Certiorari Denied Dec. 16, 2002.[1]

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

**1.** Justice KOURLIS would grant as to the following issue:

Whether defendants sentenced as habitual criminals for crimes committed after July 1, 1999, are subject to mandatory parole.

Opinion by Justice KIRSHBAUM.[2]

Defendant, Jason C. Falls, appeals from the trial court's order denying his motion for postconviction relief. We reverse and remand for correction of the mittimus.

Pursuant to a plea agreement, defendant pled guilty in April 1997 to attempted felony menacing and three habitual criminal counts. The court imposed a sentence of six years to the Department of Corrections plus a period of mandatory parole.

■ In his Crim. P. 35(c) motion, defendant asserted that the imposition of mandatory parole violated his right to equal protection. However, on appeal, defendant argues only that his sentence is invalid on statutory grounds. Specifically, he contends that because he is a habitual criminal, he is subject to the discretionary parole period established by §§ 17–2–201(5)(a) and 17–2–213, C.R.S. 2001, rather than the mandatory parole period provided in §§ 17–22.5–403(7) and 18–1–105(1)(a)(V), C.R.S.2001. Although this specific argument was not presented to the trial court, an appellate court may elect to address questions concerning the legality of a sentence or implicating fundamental rights. Crim. P. 35(a); *Mulkey v. Sullivan,* 753 P.2d 1226 (Colo.1988). We choose to do so here.

■ When construing statutes, a court must ascertain and give effect to the intent of the General Assembly. *Martin v. People,* 27 P.3d 846 (Colo.2001). Clear and unambiguous statutory language must be construed as written. *People v. Marquez,* 983 P.2d 159 (Colo.App.1999). Statutory schemes must be considered as a whole, and harmonious effect must be given to all parts thereof. *Martin v. People, supra.* Any interpretation that renders a clause meaningless should be avoided. *People v. Terry,* 791 P.2d 374 (Colo.1990).

If statutes conflict irreconcilably, specific statutory provisions prevail over general provisions, unless the general provisions were adopted later in time and the General Assembly clearly intended the general provisions to prevail. Section 2–4–205, C.R.S. 2001; *Martin v. People, supra.*

Section 17–2–213 authorizes the State Board of Parole to establish the duration of parole periods for persons sentenced as habitual criminals. Section 17–2–201(5)(a) contains the following pertinent language:

'As to any person sentenced for conviction of a felony committed prior to July 1, 1979, or of a misdemeanor and as to any person sentenced for conviction of an offense involving unlawful sexual behavior or for which the factual basis involved an offense involving unlawful sexual behavior, as defined in section 18–3–412.5(1), C.R.S., committed prior to July 1, 1996, or a class 1 felony *and as to any person sentenced as a habitual criminal pursuant to section 16–13–101, C.R.S.,* the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court or five years, whichever is less. (emphasis added)

These provisions irreconcilably conflict with § 17–22.5–403(7), which provides that if the parole board grants parole, it shall set the duration of the parole period at the mandatory period of parole for convicted felons established by § 18–1–105(1)(a)(V). *Martin v. People, supra.*

In *Martin,* the supreme court concluded that the specific provisions of § 17–2–201(5)(a) prevailed over the general provisions of §§ 17–22.5–403(7) and 18–1–105(1)(a)(V). Defendant contends that *Martin* requires reversal of the trial court's order. We agree.

The People argue that *Martin* applies only to sex offenders, not to habitual criminals. Noting that the 1996 amendments to § 17–2–201(5)(a) do not refer to habitual criminals, the People argue that the provisions of that statute, while later in time, apply only to sex offenders and do not supplant the parole provisions relating to habitual offenders en-

**2.** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

acted in 1993. We do not agree with the People's argument.

The court's analysis in *Martin* does not turn upon the 1996 amendments. Rather, the court stated that the statute as enacted in 1979 was specific, that the 1996 amendments "merely affirmed an exception to the mandatory parole regime," and that the amendments "did not change section 17–2–201(5)(a) from a specific provision to a general one." *Martin v. People, supra,* 27 P.3d at 861–62.

Absent clear and unmistakable legislative intent to the contrary, a general statute will not be deemed to have repealed an existing specific statute. *Martin v. People, supra; Uberoi v. University of Colorado,* 686 P.2d 785 (Colo.1984). No such clear and unmistakable intent is expressed in the 1996 amendments to § 17–2–201(5)(a). Furthermore, the People's proposed statutory construction would render the habitual criminal provisions contained in §§ 17–2–213 and 17–2–201(5)(a) meaningless. We conclude the General Assembly intended that habitual criminals are subject to the discretionary parole statute.

Additional support for our conclusion is found in *People v. Marquez, supra.* In *Marquez,* a division of this court held that the plain language of both §§ 17–2–213 and 17–2–201(5)(a) requires the conclusion that habitual criminals are subject to discretionary parole. Contrary to the People's assertion that *Marquez* applies only to habitual criminals convicted between 1979 and 1985, the division stated that the statutes apply regardless of when the offense was committed.

Accordingly, the order denying defendant's Crim. P. 35(c) motion is reversed, and the case is remanded to the trial court with directions to correct the mittimus to reflect the applicable period of discretionary parole.

Judge TAUBMAN and Judge STERNBERG concur.